Cynthia LETT, et al.,
Plaintiffs/Respondents,

v.

CITY OF ST. LOUIS, et al.,
Defendants/Appellants.

No. ED 76879.

Missouri Court of Appeals,
Eastern District,
Division Eight.

April 25, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 7, 2000.

Application for Transfer Denied
Aug. 29, 2000.

Patricia Hageman, Edward J. Hanlon & Mark Lawson, Thomas J. Ray, City Counselor, St. Louis, for Ronald Leggett & City of St. Louis.

Michael A. Garvin, St. Louis, for Mary-Beth Divine & Donna Thompson.

Roger G. Brown, Keith Brunstrom & Daniel McPherson, Jefferson City, for Cynthia Lett.

Daniel Aubuchon, St. Louis, for Thomas McDonough.

Stephen F. Meyercord, St. Louis, for James Klanselman.

WILLIAM H. CRANDALL, Jr., Judge.

Defendants, the City of St. Louis, et al., appeal from the judgment of the trial court awarding attorney's fees and costs to plaintiffs, members of a class of taxpayers, and directing the City of St. Louis and its Collector of Revenue to identify the class members and to assess and collect the attorney's fees proportionately from each class member. We reverse.

*FACTS*

Plaintiffs, Cynthia M. Lett, Robert P. Fortman, William Kelleher, Thomas W. McDonough, and James E. Hanselman, as representatives of the class (hereinafter taxpayers), brought an action against the City of St. Louis (hereinafter City) and the City's Collector of Revenue, Ronald Leggett (hereinafter Collector), challenging the imposition of a one percent earnings tax on amounts contributed to their respective deferred compensation plans not subject to federal and state income taxation. The court granted partial summary judgment, enjoining the City from collecting the earnings tax and ordering the City to refund such taxes paid after December 12, 1989. The trial court certified the grant of partial summary judgment as final for purposes of appeal pursuant to Rule 74.01(b), but reserved the issue of attorney's fees and the tax refund mechanism.

Taxpayers appealed, contending that refunds should be allowed for tax payments made prior to December 12, 1989. The City cross-appealed, charging error in the trial court's finding that the City was without authority to impose the earnings tax and ordering the City to refund the monies collected after December 12, 1989. On February 27, 1996, this court reversed the judgment of the trial court. *Lett v. City of St. Louis,* 948 S.W.2d 614 (Mo.App. E.D. 1996) (hereinafter *Lett I* ). The application for transfer to the Supreme Court of Missouri was denied on August 19, 1997. In the interim, on June 28, 1996, the City's Board of Aldermen passed an ordinance eliminating the earnings tax on amounts contributed on or after July 1, 1996, into deferred compensation plans which were not subject to federal or state taxation.

On January 31, 1997, taxpayers' counsel filed a motion for attorney's fees, alleging that the class action resulted in a tax savings to the class members while the injunction was in place from October 1993 through June 1996 and also was the "catalyst" for the City to amend the ordinance effective in the July 1996. Counsel premised their claim on the contingent fee contract with taxpayers which provided for, among other things, attorney's fees of 25 percent "of all total refunds received by Counsel for Client in the pursuit of this cause of action ... by whatever means achieved by Counsel including but not limited to judgment in any court, settlement, legislation or executive or administrative order." The contract also provided, "Should the [City] cease assessing the 1% earnings tax against any form of Client's deferred income or other assets (tangible or intangible) and/or refund to Client such taxes already collected, or any part of them, that such occurrences were a direct result of this litigation and the efforts of Counsel ... and the contingency fee earned as per the terms of this contract."

On October 3, 1997, the trial court found that taxpayers' counsel were entitled to recover reasonable attorney's fees and costs from their clients, but determined that an evidentiary hearing was necessary to determine the amount of attorney's fees and costs. A group of taxpayers, including Robert Guller, Maureen Morgan, Donna Thompson, and Mary Beth Divine, as objecting class members, moved to set aside the court's award of attorney's fees. The City and Collector joined in the objection.

At the hearing, counsel presented evidence of the expenses incurred and time spent on the case as well as evidence of the reasonableness of the fees. An expert testified that there was an estimated "tax savings," not a "tax refund," to class members of about $10,887,272.00 due to the injunction in place from October 1993 through July 1996.

On June 29, 1999, the trial court entered its judgment denying the objecting class members' motion to set aside and vacate the order granting attorney's fees. The court ordered the City, within various time frames, to determine the identity of the class members and calculate the deferred income contributions of each member during the time the injunction was in place, to calculate one percent of such contributions as a tax savings, to assess to each member attorney's fees in an amount equal to 25 percent of the tax savings, to allocate the costs of the litigation proportionally to the class members, to provide counsel with the names and last known addresses of those class members no longer subject to the City's tax collecting jurisdiction, and to retain 15 percent of the monies collected as a fee for collection.

### STANDING

Initially, we address the threshold issue of appellants' standing to bring this appeal. In a jointly filed brief, appellants raise five points: Point I challenges the trial court's jurisdiction to enter an award of attorney's fees, Point II questions the legal basis for the award of attorney's fees, Point III disputes that portion of the judgment requiring the City and Collector to collect the attorney's fees, Point IV questions the adequacy of the notice to the class members, and Point V contests the reasonableness of the attorney's fees awarded. In a motion to dismiss the appeal, taxpayers challenge the standing of the City and Collector to raise Points I, II, IV, and V as well as the standing of objecting class members, Mary Beth Divine and Donna Thompson, to raise Point III of this appeal.

The right of appeal exists solely by statute. *Harris v. Union Elec. Co.*, 685 S.W.2d 607, 611 (Mo.App.1985). Section 512.020, RSMo (1994) provides in relevant part, "Any party to a suit aggrieved by any judgment of any trial court in any civil cause ... may take his appeal to a court having appellate jurisdiction...." A party is aggrieved when the judgment operates prejudicially and directly on his or her personal or property rights or interest and such is an immediate and not merely a possible, remote consequence. *Id.*

Standing requires a party seeking relief to have a legally cognizable interest in the subject matter and to have suffered a threatened or actual injury. *Wahl v. Braun*, 980 S.W.2d 322, 325 (Mo. App. E.D.1998). To have standing, the party seeking relief must show two things: that he is sufficiently affected by the action he is challenging to justify consideration by the court of the validity of his action, and that the action violates the rights of the particular party who is attacking it and not some third party. *Id.*

At this juncture, we address taxpayers' motion for partial dismissal of the appeal as it relates to taxpayers' claim that the City and Collector have no standing to raise points one, two, four, and/or five on appeal. Taxpayers argue that neither the City nor Collector has "direct personal or property rights, or interests in whether the award of attorney's fees is proper, whether it is reasonable and whether ade-

quate notice was given to the class." They point out that no attorney's fees or costs were being assessed against the City and Collector, but only against those individuals who retained counsel to pursue the underlying litigation and those other class members who benefited from counsel's efforts.

In *Chun, et al. v. Board of Trustees of the Employees' Retirement System of State of Hawai'i*, 92 Hawai'i 432, 992 P.2d 127 (2000), the Supreme Court of Hawaii addressed the issue of the standing of the Board of Trustees and the Employees' Retirement System (ERS) to challenge the award of attorney's fees requested by retirees who were members of a class. In holding that the Board and ERS had standing, the court stated, "Where a party may incur an administrative burden as a result of an award of attorney's fees out of a common fund, that party may have standing to challenge and criticize the award of attorney's fees." *Id.* at 135; *see also Commonwealth of Kentucky Revenue Cabinet v. St. Ledger*, 955 S.W.2d 539, 542 (Ky.App.1997) (noting that party had standing to challenge award of attorney's fees from a common fund where award would "burden [party] with administrative expenses").

■ In the present case, the court's judgment affirmatively placed upon the City and Collector the administrative responsibility of identifying each class member, calculating the deferred income contributions of each member during the time the injunction was in place, calculating one percent of such contributions as a tax savings, and assessing to each member attorney's fees in an amount equal to 25 percent of the tax savings. Thus, the judgment placed a substantial administrative burden on the City and Collector to collect the attorney's fees. The City and Collector's interest in avoiding this administrative hardship provides them with the standing necessary to contest the award of attorney's fees.

Furthermore, *Chun* is applicable to the case before us, despite the characterization of the instant action as a "common benefit" case, in lieu of a "common fund" case. Although there was no common fund from which to pay the attorney's fees, the members of the class allegedly were the common beneficiaries of tax savings not only while the injunction was in place but also in the future as a result of the amendment of the ordinance. The *Chun* court specifically stated that when it used "common fund" throughout the opinion, it was "referring not only to the classic case in which a lump sum recovery is effected on behalf of the class and thereafter distributed among the members, but also to the case where the class action produces a common benefit." *Chun*, 992 P.2d at 134 n. 7. The court noted that in "common benefit" cases, "courts have held that a class counsel's reasonable fees may be charged to the beneficiaries despite the absence of a true 'common fund.'" *Id.* (citing *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 522 n. 6 (1 stCir.1991)).

Accordingly, in light of the administrative burden on the City and Collector with regard to ascertaining the amount of attorney's fees for each class member and collecting those fees, we hold that they have standing to challenge the award of attorney's fees on appeal. The City and Collector were aggrieved by the judgment of the trial court and may raise all the points on appeal. That portion of taxpayers' motion for partial dismissal relating to the City and Collector is denied.

## DISCUSSION

■ In the first point on appeal, the City, et al., (hereinafter collectively referred to as City) contend that the trial court was without jurisdiction to enter the award of attorney's fees. The jurisdiction of the trial court is a question of law, which this court reviews independently. *Laser Vision Centers, Inc. v. Laser Vision Centers Int'l, SpA*, 930 S.W.2d 29, 31 (Mo. App. E.D.1996).

The City argues that after *Lett I* the trial court lacked jurisdiction to enter any subsequent orders except those in conformity with the mandate, thereby excluding the trial court's award of attorney's fees. The City relies on *Tillis v. City of Branson*, 975 S.W.2d 949, 952 (Mo.App. S.D.1998), for the proposition that an award of attorney's fees after the issuance of an appellate court mandate which makes no reference thereto violates the terms of the mandate.

■ The case before us, however, is distinguishable from *Tillis* in that the court in the instant action expressly reserved jurisdiction over the issue of attorney's fees when it certified other issues in the case for appeal. The issue of attorney's fees was separate from the issues that were the subject of *Lett I*. The court thus retained jurisdiction over the issue of attorney's fees in this case. The City's first point is denied.

In its second point, the City asserts the trial court erred in awarding attorney's fees because taxpayers did not prevail in their class action suit on the merits.

Although the trial court noted that "the City prevailed as to the central issue upon which Plaintiffs sought relief," it also found that taxpayers were the prevailing parties in that the City amended the earnings tax ordinance. The trial court determined that attorney's fees were warranted under 42 U.S.C. section 1988.[1] After a hearing to determine the reasonableness of the attorney's fees, the court concluded that taxpayers obtained a substantial benefit from the efforts of their counsel because the injunction stopped the City from collecting the earnings tax from October 1993 through June 1996 and because the City ultimately amended the ordinance, thereby setting aside the earnings tax on deferred compensation contributions. The court awarded attorney's fees to taxpayers in accordance with the 25 percent contingent fee contract with counsel. The court ordered the attorney's fees to be calculated solely on the basis of the "tax savings" of $10,887,272.00 which accrued to taxpayers from October 1993 through June 1996, the time period during which the injunction was in place.

■ Missouri courts adhere to the "American rule" which states that, ordinarily, litigants must bear the expense of their own attorney's fees. *Nix v. Nix*, 862 S.W.2d 948, 952 (Mo.App. S.D.1993). Attorney's fees may be awarded to a successful litigant only where they are provided for by statute or by contract, where very unusual circumstances exist so it may be said equity demands a balance of benefits, or where the attorney's fees are incurred because of involvement in collateral litigation. *Southern Missouri Dist. Council of Assemblies of God v. Hendricks*, 807 S.W.2d 141, 149 (Mo.App.1991). The balancing of the benefits incorporates two related doctrines. *Feinberg v. Adolf K. Feinberg Hotel Trust*, 922 S.W.2d 21, 26 (Mo.App. E.D.1996). First, the common fund doctrine permits a trial court to require non-litigants to contribute their proportionate part of the counsel fees when a litigant successfully creates, increases, or preserves a fund in which the non-litigants were entitled to share. *Id.* Second, the common benefit doctrine permits recovery of attorney's fees when a successful litigant benefits a group of other individuals similarly situated. *Id.* In *Feinberg*, 922 S.W.2d at 26, this court permitted recovery of attorney's fees by a beneficiary of an estate who successfully brought litigation beneficial to the estate as a whole.

■ A court may charge a class counsel's reasonable fees to the class members where they are the beneficiaries of a

---

1. The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. section 1988, provides that in any action under 42 U.S.C. section 1983, the district court may allow the prevailing party reasonable attorney's fees as part of the costs. We need not decide, however, whether the trial court properly awarded attorney's fees under section 1988, because such a determination is not necessary to reach our decision.

"common benefit" produced by the class action. *See, e.g., Weinberger,* 925 F.2d at 522 n. 6. We fail to discern, however, what "common benefit" inured to the benefit of taxpayers in the instant case or how taxpayers could be considered the "successful" or prevailing parties in the class action. In *Lett I,* 948 S.W.2d at 619, this court determined the City had the authority to collect the earnings tax on taxpayers' contributions to their respective deferred compensation plans and reversed the court's judgment directing the City to cease collection of the tax. In light of this holding, the City had the legal right to collect the earnings tax it had been enjoined from collecting from October 1993 through June 1996.[2] Thus, there was no "tax savings" to the class members, because this court ruled in favor of the City on appeal. It is axiomatic that attorney's fees cannot be premised on the so-called "tax savings" recognized by taxpayers as a result of an injunction held to be improper by this court. Under the circumstances of this case, taxpayers were not successful in their class action and were not entitled to an award of attorney's fees. *See, e.g., Porter v. Hawks Nest, Inc.,* 659 S.W.2d 786, 789 (Mo.App.1983) (where the appellate court determined there was no breach of contract, plaintiff did not prevail and was not entitled to attorney's fees).

■■■■ In addition, this case is distinguishable from those cases in which attorney's fees are awarded on the basis of the "common fund" doctrine. *See, e.g., Boeing Co. v. Van Gemert,* 444 U.S. 472, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980); *Internal Improvement Fund Trustees v. Greenough,* 105 U.S. 527, 26 L.Ed. 1157 (1881). That doctrine permits an award of attorney's fees from a common fund when a plaintiff, on behalf of a class, successfully maintains an action that benefits the class members in a manner that benefits himself. *Mills v. Electric Auto–Lite Co.,* 396 U.S. 375, 90

S.Ct. 616, 24 L.Ed.2d 593 (1970). The doctrine is applied when each member of a certified class has an undisputed and mathematically ascertainable claim to part of a "lump-sum judgment recovered on his behalf." *Boeing,* 444 U.S. at 479, 100 S.Ct. at 749, 62 L.Ed.2d at 682. In the instant action, taxpayers seek to collect attorney's fees from a "fund" which they contend consists of money they should have paid to the City as earnings taxes for the period of time from October 1993 through June 1996. We disagree that such a tax savings created a common fund from which to award attorney's fees. In *Hamer v. Kirk,* 64 Ill.2d 434, 1 Ill.Dec. 336, 356 N.E.2d 524, 525 (1976), the successful litigant in a class action for real estate tax equalization in townships in a county sought recovery of attorney's fees on the basis of the alleged tax savings of previously overassessed taxpayers. The court reasoned, "Since no fund had been placed under control of the court in the instant case, the trial court was without authority to award attorney's fees to the petitioner." *Id.* at 527; *see also Hoffman v. Lehnhausen,* 48 Ill.2d 323, 269 N.E.2d 465 (1971) (declaring unconstitutional statute creating homestead exemption on value of real property occupied as a residence by persons 65 years or older and enjoining its enforcement created no common fund from which to pay attorney's fees). Here, not only was there no judgment in favor of taxpayers but also there was no common fund under the control of the court from which to pay attorney's fees.

Taxpayers also cannot be characterized as successful litigants under their proffered "catalyst" theory. Taxpayers claim that they were the prevailing parties because their class action suit caused the City to amend its ordinance, thereby eliminating the imposition of the earnings tax

---

**2.** At this point in time, the City has not collected any of the earnings taxes to which it was entitled by virtue of this court's holding in *Lett I.* Although it is unclear as to whether the City can or will collect the taxes, at oral argument in this appeal, the City acknowledged that collection of the earnings taxes is an administrative "nightmare."

on contributions to deferred compensation plans.

We discuss taxpayers' claim for attorney's fees under the catalyst theory, without deciding that such a theory is recognized by Missouri courts and without adopting such a theory in the present action. In addition, because the cases applying the catalyst theory are typically federal civil rights cases, we decline to decide whether the theory would be applicable to a non-civil rights action and view the federal decisions as merely instructive.

■■■■ To determine whether a lawsuit was a catalyst which compelled a certain result, the action must be a necessary and important factor in achieving the improvements and the result must be legally required as opposed to gratuitous. *Hendrickson v. Branstad*, 934 F.2d 158, 161 (8ᵗʰ Cir.1991). The catalyst theory extends prevailing party status to some plaintiffs even though they have not obtained an enforceable judgment or comparable relief through a consent decree or settlement. *Tyler v. Corner Constr. Corp., Inc.*, 167 F.3d 1202, 1204 (8ᵗʰ Cir. 1999). Attorney's fees are awarded if the court finds that plaintiff was the prevailing party in that the lawsuit caused the defendant to grant the relief plaintiff sought in the lawsuit. *See St. Louis Fire Fighters Ass'n Int'l Ass'n of Fire Fighters v. City of St. Louis*, 96 F.3d 323 (8ᵗʰ Cir.1996) (attorney's fees proper where the firefighters' action caused the City to cancel the test procedures for promotion from fire captain to battalion chief and to cease basing promotions on the disputed test battery); *Hendrickson*, 934 F.2d at 162 (award of attorney's fees proper where plaintiffs' lawsuit caused state of Iowa to enact legislation virtually eliminating the detention of juveniles in adult facilities and bringing it into compliance with federal law).

Here, the City contested that it amended its ordinance eliminating the earnings tax on deferred compensation contributions as a direct result of taxpayers' class action. With the exception of testimony by taxpayers' counsel that the Collector had stated that adverse publicity generated by the lawsuit prompted the amendment to the ordinance, there was no other evidence of causation. *But see St. Louis Fire Fighters*, 96 F.3d at 331 (the City admitted causal connection between the City's abandonment of the disputed test procedures and the litigation). Thus, taxpayers have not demonstrated that the City's action was instigated by their class action.

Further, taxpayers have not shown that the City's subsequent amendment of the ordinance was involuntary. At the time the City amended its ordinance it was the prevailing party in that this court in *Lett I*, 948 S.W.2d at 614, had ruled in its favor, finding that it had a right to impose the earnings tax on contributions to deferred compensation plans. Thus, the City was under no legal compulsion to change its ordinance.

■■■ In addition, even if taxpayers could establish some nexus between the class action suit and the City's change in its ordinance, taxpayers still would not be entitled to attorney's fees because they did not prevail in their class action suit. In *Taylor v. Safeway Stores, Inc.*, 524 F.2d 263, 273 (10ᵗʰ Cir.1975), an employee of Safeway brought an action on behalf of himself and other African–American persons employed by Safeway Stores in the frozen food warehouse in Denver, Colorado. He claimed racially discriminatory employment practices by Safeway. *Id.* After a trial on the merits, the court found in favor of plaintiff on his individual claim and awarded him damages and attorney's fees, but found no merit to the class claims and refused to award attorney's fees on those claims. *Id.* at 267. The court of appeals affirmed the denial of attorney's fees, rejecting plaintiff's argument that the class action was the impetus for Safeway's alteration of its employment practices which included hiring an Affirmative Action Program Director and implementing a

nationwide program to hire more minority employees. *Id.* at 273. The court stated, "Even if [plaintiff] could show that these changes were a direct result of his lawsuit, he still would not be entitled to attorney's fees for the class since he did not prevail on any of the class claims." *Id.*

Lastly, in this case, taxpayers sought and received attorney's fees based on the tax savings during the time the injunction was in place. Even assuming that attorney's fees could be premised on the prospective savings to the class members as a result of the change in the ordinance, taxpayers did not seek attorney's fees based on such prospective savings.

The trial court erred in awarding attorney's fees in the instant action. The City's second point is granted.

The City raises three other claims of error, challenging the trial court's award of attorney's fees on other grounds. In view of our holding that the trial court improperly · awarded attorney's fees, we need not address the remaining points on appeal.

The judgment of the trial court is reversed.[3]

MARY RHODES RUSSELL, Chief Judge and LAWRENCE E. MOONEY, Judge, Concur.

---

**3.** Taxpayers' motion for partial dismissal of this appeal on the bases that the objecting class members lacked standing as to point three, that appellants did not preserve the allegation of error in point three, and that appellants' points relied on in points four and five did not comply with Rule 84.04(d) is denied.