

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| SEAN DOUGHERTY, | ) | No. ED112984 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | 19SL-CC02118 |
| | ) | |
| COPPERGATE COMMONS | ) | Honorable Heather R. Cunningham |
| CONDOMINIUM ASSOCIATION, | ) | |
| | ) | |
| Respondent. | ) | Filed: June 10, 2025 |

Before Lisa P. Page, P.J., Rebeca Navarro-McKelvey, J., and Virginia W. Lay, J.

Sean Dougherty (Dougherty) appeals from the trial court's judgment in favor of Coppergate Commons Condominium Association (Coppergate) and striking his pleadings in the entirety. We affirm.

## BACKGROUND

This appeal is the culmination of years of contentious and protracted litigation. On May 30, 2019, Dougherty filed a petition against Coppergate seeking a temporary restraining order, declaratory judgment, and permanent injunction of a foreclosure sale on his condominium as a result of Coppergate's claim against Dougherty for his water consumption. Coppergate filed a counterclaim petition, alleging multiple counts against Dougherty. Over the next several years, the parties each amended their petitions, ultimately proceeding on the third amended versions of each.

In 2023, as a result of affidavits submitted in support of Dougherty's motion for summary judgment on Coppergate's third amended counterclaim petition, Coppergate sought discovery from Dougherty specifically regarding his communications with his girlfriend at the time (Girlfriend) in any form. Dougherty objected to the interrogatory regarding communications with Girlfriend and did not produce any responsive documents. After attempting to resolve the objection, Coppergate filed a motion to compel asking, among other things, that the trial court order Dougherty to produce any communications with Girlfriend as requested in the interrogatory and request for production, and to the extent any communication requested was privileged, to produce a privilege log.

Following Coppergate's motion to compel, counsel for Dougherty filed a motion for leave to withdraw. On August 17, 2023, the court entered an order granting Coppergate's motion to compel in part, ordering counsel to provide a privilege log of materials asserted to be privileged and ordered production of documents as to which no privilege was claimed within fifteen days. Counsel for Dougherty was granted leave to withdraw after submission of the privilege log and the resolution of any objections. On August 31, 2023, counsel filed a second motion for leave to immediately withdraw, asserting that the state of the relationship between counsel and Dougherty was, among other things, "incompatible with representation or continued communication of any kind." On September 20, 2023, counsel filed a memorandum of Dougherty's termination of his representation and request for certain judicial determinations regarding his continued obligations concerning the outstanding discovery and compliance with the August 17, 2023 order. The court heard the motion on October 6, 2023. The court granted counsel's motion to immediately withdraw and granted another thirty days to respond to the discovery.

The court held a hearing on other matters, including for protective order, to show cause, and for contempt, on October 17, 2023. This was the only hearing at which Dougherty was not represented by counsel. However, during this hearing, the trial court gave Dougherty multiple opportunities to continue the matters and seek new counsel. Each time Dougherty assured the court he wanted to proceed *pro se* and did not want to continue the matters or seek new counsel. On the same day, Dougherty responded to the relevant interrogatory regarding communications with Girlfriend with "I don't know." Following another extension granted by the trial court, on November 6, 2023, Dougherty provided a more detailed response to the interrogatory stating he no longer had access to the communications because he deleted the conversations.

On November 20, 2023, Coppergate filed a second motion to compel and for sanctions as a result of Dougherty's failure to respond as ordered by the trial court. Coppergate sought an order requiring Dougherty to request the deleted communications from his carrier and produce them to Coppergate within thirty days. If Dougherty failed to comply, Coppergate asked the trial court to enter a default judgment as a sanction and order Dougherty to pay the legal fees and costs related to the motion to compel. New counsel entered her appearance on Dougherty's behalf as to the counterclaim only on December 8, 2023. Coppergate's second motion to compel and for sanctions was called for hearing on December 11, 2023. Dougherty failed to appear but the court granted Dougherty's new counsel a continuance.

The trial court finally heard Coppergate's second motion to compel and for sanctions on February 22, 2024. At this hearing, counsel informed the court she had intended for Dougherty to execute authorizations that day to obtain his communications from AT&T, Apple, and Facebook, but he again failed to attend the hearing. The trial court ordered Dougherty to

produce responsive discovery within thirty days and reset the cause for hearing on March 25, 2024.

The court called the second motion to compel and for sanctions for hearing on March 25, 2024, noting that a supplemental memorandum in support had been filed and would be heard. Counsel for Coppergate, Dougherty, and Dougherty's counterclaim counsel appeared. Dougherty's former counsel was also present. At this hearing, more than a year after the discovery was initially served, Coppergate informed the court Dougherty had still failed to produce any responsive discovery regarding his communications with Girlfriend. On April 9, 2024, the trial court entered an order and judgment granting Coppergate's second motion to compel and for sanctions, striking Dougherty's pleadings and granting a default judgment in favor of Coppergate. Dougherty filed a motion to reconsider and to vacate the sanctions, which was denied. On its own motion the trial court issued an amended order and judgment to correct certain errors on June 5, 2024, but ultimately reaffirming its entry of default against Dougherty, striking his pleadings in their entirety, and awarding a total monetary judgment in favor of Coppergate of $161,332.04, which included $23,145.34 for Dougherty's misconduct and delinquent assessment payments and $138,186.70 for Coppergate's reasonable attorneys fees.

On July 3, 2024, Dougherty again filed a motion to set aside or vacate the amended judgment. He also filed a partial response to the discovery requests. However, the inexcusably tardy discovery he did produce was missing the communications Coppergate was specifically seeking in order to respond to Dougherty's motion for summary judgment, between November 2, 2017, and August 28, 2020. The court ultimately denied Dougherty's motion to set aside or vacate on September 11, 2024. This appeal follows.

4

**DISCUSSION**

Dougherty asserts seven points on appeal. The first three points argue the trial court erred in striking his pleadings and entering default judgment in favor of Coppergate for various reasons. Point one claims the sanctions were in excess of those necessary to accomplish the purposes of discovery. In point two, Dougherty argues in imposing the sanctions, the trial court did not properly determine whether Coppergate was prejudiced by Dougherty's conduct. Point three on appeal contends the trial court abused its discretion because Dougherty did not display a contumacious and deliberate disregard for the authority of the court and made good faith efforts to comply by obtaining the requested information. In points four and five, Dougherty challenges the trial court's ruling on his motion to set aside the judgment under Rule 74.06(b)[1] because he established excusable neglect because he was abandoned by counsel (point four) and because the judgment was irregular (point five).[2] In point six on appeal, he claims the court improperly awarded attorneys fees to Coppergate based on unreasonable redacted entries, excessive time entries, and because Coppergate did not properly plead its request for fees. Finally, in point seven, Dougherty argues the trial court erred in denying his motion to set aside the judgment regarding his remaining claims unrelated to the alleged water waste because it is against public policy and he was not afforded an evidentiary hearing on those additional claims.

*Standard of Review*

The trial court is vested with broad discretion in administering the rules of discovery. *Vetter Constr. Co. v. Innovated Constr., LLC*, 696 S.W.3d 442, 446 (Mo. App. E.D. 2024)

---

[1] All references to Rules are to Missouri Supreme Court Rules (2023).

[2] In point five on appeal, Dougherty claims the court's judgment was irregular and should have been set aside under Rule 74.06(b) because Coppergate failed to comply with the procedural rules for sanctions. However, this claim was not raised in his 74.06(b) motion, and therefore, we do not consider it. *See Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014).

5

(quoting *Frontenac Bank v. GB Invs., LLC*, 528 S.W.3d 381, 390 (Mo. App. E.D. 2017)). This includes issuing sanctions for a party's non-compliance with those rules. *Id*. We will not reverse the trial court's decision to impose discovery sanctions absent a clear showing of abuse of that discretion. *Id*. (internal citation omitted). A court abuses its discretion when the ruling is so clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to indicate a lack of careful consideration and shock the sense of justice. *Id*.

A judgment following a decision to strike a party's pleadings for failure to produce discovery is treated not as a default in the "ordinary sense," but instead is treated as a judgment upon trial by the court. *Davis v. Chatter, Inc.*, 270 S.W.3d 471, 476 (Mo. App. W.D. 2008) (quoting *Karolat v. Karolat*, 151 S.W.3d 852, 857 (Mo. App. W.D. 2004)). Thus, an appeal of such a judgment relates to the discretion of the trial court to impose the sanctions that rendered the cause uncontested and subject to judgment. *Id*. Our review is limited only to a determination of whether the trial court could have reasonably made its decision, not whether we would have imposed the same sanctions under the same circumstances. *Id*.

## *Analysis*

In its response to Dougherty's points on appeal, Coppergate expressed confusion regarding what was actually being appealed in this case. In his points on appeal Dougherty challenges both the trial court's decision to enter a default judgment and strike his pleadings in the entirety as a sanction for failure to comply with discovery, and the trial court's decision to deny his motion to set aside or vacate the judgment and sanctions under Rule 74.06(b). His Rule 74.06(b) motion was timely filed and ruled on as a proper after-trial motion, therefore, we review the court's judgment in favor of Coppergate and striking Dougherty's pleadings as a sanction for his failure to comply with the court's discovery orders. *See e.g. McCullough v. Com. Bank, N.A.*,

6

368 S.W.3d 296, 299-300 (Mo. App. W.D. 2012) (citing *Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390 (Mo. banc 1993)) (a motion filed under Rule 74.06(b) is an authorized after-trial motion). Although typically no review lies from the denial of a post-trial motion, and such an appeal preserves nothing for our review; we may review claims *ex gratia* where an appellant's brief sufficiently presents issues contesting the judgment. *Payne v. Markeson*, 414 S.W.3d 530, 545 (Mo. App. W.D. 2013). Under these principles, we review Dougherty's claims.

### Points I, II, III, and IV – Discovery Sanctions

Each of Dougherty's first four points on appeal challenge the trial court's entry of judgment in favor of Coppergate as a sanction for Dougherty's failure to comply with the court's discovery orders. He claims: the sanctions were in excess of those necessary to accomplish the purpose of the discovery, which was procuring relevant information and he ultimately produced the requested information (point one); the court failed to properly determine whether Coppergate was prejudiced by his conduct (point two); the court abused its discretion awarding sanctions because he did not display contumacious and deliberate disregard for the court's order, but instead made good faith efforts to obtain the requested discovery (point three); and he established excusable neglect sufficient to set aside the judgment because he was effectively abandoned by counsel (point four).

Pursuant to Rule 61.01, the trial court has discretion to impose sanctions that are "just" if a party fails to answer interrogatories or produce documents. Subsections (b) and (d) expressly permit the court to strike pleadings or enter default judgment against the "disobedient party." No abuse of discretion in striking a party's pleadings or entering a default judgment occurs if the record sufficiently demonstrates both that the noncompliant party engaged in a pattern of repeated disregard of his obligation to comply with the rules of discovery, i.e. the party

7

demonstrated "a contumacious and deliberate disregard" for the court's authority; and the party seeking discovery was prejudiced as a result. *Vetter Constr. Co.*, 696 S.W.3d at 447 (quoting *Frontenac Bank*, 528 S.W.3d at 390. However, there is no requirement mandating the trial court make specific findings as to either prong. *Id*. (internal citations omitted).

Here, contrary to Dougherty's arguments on appeal, the court's decision to impose sanctions for his continual failure to comply with the discovery orders issued by the trial court did not exceed the purpose of discovery. Dougherty's failure to produce the requested information was the subject of multiple motions, six hearings (not including the post-judgment motion hearings), and numerous orders and extensions granted by the trial court. The record here shows Dougherty's behavior in failing to produce the discovery as patiently and repeatedly ordered by the trial court showed a pattern of "contumacious and deliberate disregard" for the court's authority throughout a more than one-year period.

Although Dougherty claims he ultimately produced the discovery requested, the record reflects the documents he did produce were incomplete. Counsel for Coppergate informed the trial court that while Dougherty did finally provide some responsive discovery on July 3, 2024, approximately one year and five months after their initial requests and after the trial court's June 5, 2024 amended judgment, it was missing the specifically sought messages from November 2017 through August 2020, during the time frame of Dougherty's alleged misconduct. Evasive or incomplete answers are considered a failure to answer for purposes of Rule 61.01. *Vetter Constr. Co.*, 696 S.W.3d at 449 (internal quotations omitted). This incomplete, eleventh-hour attempt to comply with the court's orders does not persuade us to conclude the trial court abused its discretion here.

Moreover, to the extent Dougherty argues prejudice to Coppergate was neither pleaded, proven, nor found by the court, this argument is wholly without merit. There is no requirement in the rules governing sanctions that the trial court make specific findings as to prejudice. *Noble v. L.D. Enters., Inc.*, 687 S.W.3d 11, 18 (Mo. App. W.D. 2024) (citing *Binder v. Thorne-Binder*, 186 S.W.3d 864, 867 (Mo. App. W.D. 2006)). Where the record supports a finding of prejudice, we will not convict the trial court of abusing its discretion by imposing the authorized sanctions. *Id*. at 19-20.

The trial court here did find Coppergate was prejudiced by Dougherty's actions, and we agree the record shows the delay of over a year and several months, resulting in prolonged litigation of the underlying claims as well as the discovery dispute, and deprivation of information Coppergate needed to sufficiently prepare for trial established prejudice to Coppergate to support the trial court's imposition of sanctions. *See Vetter Constr. Co.*, 696 S.W.3d at 447-48; *Noble*, 687 S.W.3d at 20 (after "nearly a year of waiting," defendant still did not have complete responses and record supported conclusion of prejudice); *Frontenac Bank*, 528 S.W.3d at 394 (record demonstrated violations repeatedly caused delay and deprived party of "potentially valuable information" it could have used to prepare for trial, thereby showing prejudice).

Finally, Dougherty's claim that he established excusable neglect because he was abandoned by his former counsel is contradicted by the record. Although he was without counsel for approximately two months during more than six years of litigation, he was represented when the interrogatories and requests for production were served upon him. He was represented at the conclusion of the dispute as well. Moreover, during the October 17, 2023 hearing, (the only hearing at which Dougherty was not represented) the court generously gave

9

him every opportunity to continue the matters being heard and seek counsel, and he insisted on proceeding *pro se*. Nothing in the record suggests he was abandoned by counsel. In fact, to the contrary, counsel continued to appear at hearings and attempted to provide documentation required by the trial court even after he was allowed to withdraw as Dougherty's attorney.

Under these circumstances, although the result is severe, the trial court did not abuse its discretion in striking Dougherty's pleadings and entering judgment in favor of Coppergate as a sanction for his failure to comply with its discovery orders. Points one, two, three, and four on appeal are denied.

### Point VI – Attorneys Fees

In point six on appeal, Dougherty argues the trial court erred in awarding attorneys fees to Coppergate because the amount included unreasonable redacted billing entries for fees and Coppergate was only entitled to fees incurred in litigating the second motion to compel.

While Missouri generally follows the American Rule, which provides that parties typically bear the expense of their own attorneys fees, a court may award fees to a prevailing party if a statute or contract specifically authorizes such an award. *Green v. Plaza in Clayton Condo. Ass'n*, 410 S.W.3d 272, 280 (Mo. App. E.D. 2013) (citing *Lett v. City of St. Louis*, 24 S.W.3d 157, 162 (Mo. App. E.D. 2000)). Whether an evidentiary hearing is required on attorneys fees is a decision made at the trial court's discretion, and we will not reverse the decision absent an abuse of discretion. *Id*. at 279 (internal quotation omitted). The trial court is considered an expert on the question of attorneys fees and because it is presumably acquainted with the issues involved, may award fees without the aid of evidence. *Id*.

Here, both the declaration of condominium ownership for Coppergate Commons condominiums (Declaration) and the Uniform Condominium Act (UCA), include provisions

authorizing an award of attorneys fees and costs incurred litigating matters concerning assessments and violations of the provisions of the Declaration or the UCA. Specifically, Section 13.2 of the Declaration provides that expenses incurred in connection with actions or proceedings relating to any breach of either the Declaration or the UCA, including court costs and attorneys fees, "shall be charged to and assessed against" the unit owner. Section 448.3-116.7 RSMo (2016)[3] also authorizes an award of "any costs and reasonable attorneys' fees incurred in connection with the collection of delinquent assessments," which is to be included in the judgment for the prevailing party.

In its third amended counterclaim petition, Coppergate asserted claims for intentional, willful, wanton, malicious violation of statute (citing Section 448.3-107(1)) (Count I); intentional, willful, wanton, malicious breach of contract (Count II); intentional and voluntary waste (Count III); nuisance (Count IV); unjust enrichment and quantum meruit (Count V); breach of contract for unpaid assessments (Count VI); and enforcement of declaration, preliminary and permanent injunction (Count VII). Each count prayed for relief in the form of a monetary judgment to be levied against Dougherty's unit, with the lien subject to foreclosure. The trial court dismissed Counts III and V as moot because the court viewed them as alternative theories.

"The assessments, the due dates, their delinquency, and all proceedings to enforce the lien, unmistakably . . . are  . . . governed by the [UCA]." *Bitting v. Cent. Pointe Condo. Bd. of Managers*, 970 S.W.2d 898, 900 (Mo. App. E.D. 1998) (quoting *Carroll v, Oak Hall Assocs., L.P.*, 898 S.W.2d 603, 606 (Mo. App. W.D. 1995)). It was Dougherty's alleged violation of the Declaration's provisions and the UCA which ultimately resulted in the damages Coppergate

---

[3] All further statutory references are to RSMo (2016).

sought, and it is clear from the record that Coppergate was pursuing its counterclaims to recover the resulting assessments and enforce any consequent lien obtained from a monetary judgment. Thus, Coppergate, as the prevailing party on its counterclaims, is entitled to reasonable attorneys fees. *Id*. at 901.

To the extent Dougherty claims the fees sought were not reasonable because the affidavit filed by counsel for Coppergate contained redacted and questionable entries, we again note the trial court is considered an expert on the question of fees. Absent a clear abuse of discretion, we will affirm the award. *Green*, 410 S.W.3d at 279. The record here establishes the trial court's familiarity with the litigation, which had been ongoing since 2019. The court was provided with a detailed affidavit from counsel regarding the need for "significant" time and labor, as well as billing entries over the course of litigation. The issue of the redacted and questionable billing entries was also discussed before the trial court at the September 2024 hearing on Dougherty's motion to set aside the judgment. The trial court, as the expert, could reasonably have considered all the information before it and determined the award of attorneys fees. Therefore, we do not find the court abused its discretion in awarding Coppergate its full attorneys fees as the prevailing party.[4] Point six on appeal is denied.

### Point VII – Evidentiary Hearing

In his seventh and final point, Dougherty claims the trial court erred in granting the default judgment without an evidentiary hearing on his other claims unrelated to the alleged running water.

---

[4] Coppergate has also filed a motion for significant attorneys fees incurred on appeal, which was taken with the case. The entitlement to attorneys fees on appeal is based upon the same grounds as those at the trial court level. *Green*, 410 S.W.3d at 285 (internal quotations omitted). Because Coppergate is the prevailing party on appeal, we grant its motion for attorneys fees on appeal. However, because the trial court is "better equipped" to hear evidence and argument concerning the reasonableness of the requested fees, we remand to the trial court to determine the amount to which Coppergate is entitled. *Rx Recalls, Inc. v. Devos Ltd.*, 317 S.W.3d 95, 97 (Mo. App. E.D. 2010).

When sanctions are imposed pursuant to Rule 61.01, judgment does not come by default in the "ordinary sense," but instead is treated as a judgment upon trial by the court. *Davis*, 270 S.W.3d at 476 (internal quotation omitted). The rule expressly contemplates that the trial court may, as a sanction, strike a party's pleadings, limit a party's ability to present evidence or otherwise participate at trial, or enter default judgment against the party. *Noble*, 687 S.W.3d at 18 (internal quotation omitted); Rule 61.01. Here, the trial court struck Dougherty's pleadings in their entirety and entered a default judgment against him. The monetary judgment was supported by the affidavit of the President of the Association, which set forth the total of unpaid assessments and common expenses incurred by Dougherty's misconduct. As a result, there were no remaining claims to pursue, and no additional evidence was required to support other unrelated claims. Thus, the trial court did not abuse its discretion in entering a default judgment in favor of Coppergate. Point seven on appeal is denied.

## CONCLUSION

In conclusion, we hold the trial court did not abuse its discretion and the result is not shocking to our sense of justice. In fact, the record reflects the trial court's careful consideration in affording Dougherty every opportunity to correct his contumacious behavior. The judgment of the trial court is affirmed.

_____
Lisa P. Page, Presiding Judge

Rebeca Navarro-McKelvey, J., and
Virginia W. Lay, J., concur.

13