**Judy TILLIS, et al., Appellants–
Respondents,**

and

**Sharon Klein, et al., Intervenors–
Appellants–Respondents,**

v.

**CITY OF BRANSON, Missouri,
Respondent–Appellant.**

Nos. 22094, 22095.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 28, 1998.

---

Joseph A. Bohrer, Yates, Mauck, Bohrer, Elliff, Croessmann & Wieland, P.C., Springfield, for Appellant City of Branson.

Nolen W. Berry, Branson, Bradley J. Baumgart, Richard M. Paul, III, Shughart, Thomson & Kilroy, P.C., Kansas City, for Respondents Tillis and Klein, et al.

PREWITT, Presiding Judge.

All parties appealed to the Missouri Supreme Court, and the appeals were subsequently transferred to this Court. The appeals arose after the circuit court entered judgment following a mandate issued by the Supreme Court of Missouri. *See Tillis v. City of Branson*, 945 S.W.2d 447 (Mo.banc 1997). Appellants Judy Tillis and Sharon Klein challenged the constitutionality of the "municipal tourism tax" assessed by the City of Branson. In this opinion, they and others in their stead are referred to as "Appellants." The City of Branson is referred to here as "the City."

In *Tillis*, the Supreme Court declared that legislation authorizing a tourism tax,§§ 94.800–94.825, RSMo 1994, was unconstitutional because it was a "special law." *Id.* at 448. The Supreme Court concluded: "[T]he judgment of the circuit court is reversed and the cause remanded with directions to declare the tourism tax unconstitutional and for further proceedings consistent with this opinion." *Id.* at 449. After the opinion, the Supreme Court issued a mandate stating:

> Now at this day come again the parties aforesaid, by their respective attorneys, and the court here being now sufficiently advised of and concerning the premises, doth consider and adjudge that the judgment aforesaid, in form aforesaid, by the said Circuit Court of Taney County rendered, be reversed, annulled and for naught held and esteemed, and that the said Appellants be restored to all things which they have lost by reason of the said judgment. It is further considered and adjudged by the court that the said cause be remanded to the said Circuit Court of Taney County for further proceedings to be had therein, in conformity with the opinion of this court herein delivered; and that the said Appellants recover against the said Respondent costs and charges herein expended, and have execution therefor.

| | |
|---|---|
| Filing fee: | $ 50.00 |
| Transcript fee: | $195.50 |
| Total Costs | 245.50 |

On August 7, 1997, after the mandate was issued, Appellants filed a Motion for Entry of Judgment, requesting:

[J]udgment in accordance with the mandate of the Missouri Supreme Court, and specifically:

(a) declare the Branson Tourism Tax, and municipal ordinances supporting it, unconstitutional;

(b) award plaintiffs/intervenors a refund of the tourism taxes they have paid since the entry of this Court's erroneous judgment on December 5, 1996;

(c) award plaintiffs/intervenors their attorney's fees;

(d) award plaintiffs/intervenors their costs and expenses; and

(e) award plaintiffs/intervenors such further relief as this Court deems just and proper.

The City objected to the circuit court granting Appellants any relief other than a declaration that the statute was unconstitutional and awarding the costs itemized in the mandate. On November 24, 1997, the trial court entered judgment declaring the legislation unconstitutional, finding that Appellants were entitled to a refund of the taxes they paid from December, 1996, through May, 1997, and determining that the Appellants were entitled to an award of their costs both at the trial and appellate levels under § 527.100, RSMo 1994. The judgment did not award Appellants attorney's fees.

■ Appellants argue here that the circuit court erred in refusing to award attorney's fees under § 527.100, RSMo 1994, because of the special circumstances in this case, and because such award was necessary to balance the benefits. The City counters that the circuit court was limited to the entry of a judgment declaring that § 94.800, et seq., RSMo 1994, was unconstitutional and that the mandate issued by the Missouri Supreme Court did not permit the circuit court to perform any further judicial act.[1]

On its appeal, the City contends that the trial court erred in entering the judgment entitling Appellants to a refund of the tourism taxes paid because the trial court's authority was limited to the entry of a judgment declaring the legislation unconstitutional.

■ A mandate is to be read in conjunction with the appellate opinion filed in the case, and the trial court is required to follow the directions in conjunction therewith. *Parker v. Parker*, 857 S.W.2d 873 (Mo.App.1993). The opinion is silent as to attorney's fees and any refund of taxes paid. Appellants assert, however, that they are entitled to the recovery of taxes paid since the initial judgment, as the mandate provides that the "Appellants be restored to all things which they have lost by reason of the said judgment."

Appellants argue that the mandate is a "general mandate," and cite to *Associated Industries of Missouri v. Director of Revenue*, 918 S.W.2d 780 (Mo.banc 1996), for support. In *Associated Industries*, the Supreme Court of Missouri was called upon to interpret a mandate issued from the United States Supreme Court, which mandate called "for further proceedings not inconsistent with this opinion." *Id.* at 782. The Supreme Court of Missouri interpreted that language to indicate "simple reversal and remand," concluding that the mandate was "a general mandate and was not explicitly limited to a determination of available remedies." *Id.* The court contrasted the simple reversal and remand with a remand that imports a "direction of specified things." *Id.*

■ The remand in *Tillis* directed the circuit court "to declare the tourism tax unconstitutional and for further proceedings consistent with [that] opinion." *Tillis*, 945 S.W.2d at 449. The specific and limiting directions preceding the general language does not transform the remand into a simple reversal and remand. Therefore, the mandate of *Tillis* is not, as Appellants urge this

---

1. Although the basis of this opinion is limited to the duty of a circuit court in entering judgment after a mandate, attorney's fees are not assessable as costs against the State in the absence of statute explicitly providing for such assessment. A city is a subdivision of the state, therefore attorney's fees cannot normally be recovered from such an entity. *See Baumli v. Howard County*, 660 S.W.2d 702, 705 (Mo.banc 1983). In oral argument, Appellants referred to *Lodge of the Ozarks v. City of Branson*, 796 S.W.2d 646 (Mo.App.1990). That does not aid them, as a lease there provided for attorney's fees. 796 S.W.2d at 656.

Court to accept, a "general mandate," but a mandate with specific directions.

■ The circuit court had a duty to render judgment in accordance with the mandate. "It is without power to modify, alter, amend or in any manner depart from the judgment of an appellate court.... Any orders or adjudication in a cause subsequent to the mandate must be confined to those necessary to execute the judgment. An award of attorney's fees after the issuance of the mandate which makes no reference thereto would violate its terms." *City of St. Charles v. Schroeder,* 510 S.W.2d 202, 203 (Mo.App.1974). *See also Hankins v. Hankins,* 864 S.W.2d 351, 353 (Mo.App. 1993)("Where a remand is with directions, a trial court is bound to render judgment in conformity with the mandate."); *Papin v. Papin,* 475 S.W.2d 73, 75 (Mo.1972)("Where the case is decided on appeal on its merits and no issue after rescript is raised on the record, the only function of the trial court is to enter a final decree in implicit accordance with the mandate of the appellate court.").

In this case, the circuit court had no authority to award attorney's fees, as that was outside the declaration of the Supreme Court's opinion and mandate. Appellants' Point I is denied.

■ We now turn to the City's appeal. It contends that the circuit court had no authority to include in its judgment an award of taxes received by the City from Appellants since the date of the initial judgment. The City asserts the tax was paid by tourists, and not by owners of the businesses, and the businesses, therefore, would receive a windfall if the tax payments were returned to them. Appellants argue that they are entitled to a return of the tax payments because they "paid this tax and were subjected to numerous reporting requirements, as well as civil and criminal penalties for failing to pay the tax." That the businesses were subject to penalties for failure to remit the tax does not necessitate that they are the taxpayer. "It is the manner of operation which determines the nature of a tax, not the sanctions imposed for failure to pay it." *Centerre Bank v. Director of Revenue,* 744 S.W.2d 754, 758 (Mo.banc 1988).

Section 94.802, RSMo 1994, allowed the imposition of "a tax on the price paid or charged to any person for rooms or accommodations paid by transient guests." Section 94.805, RSMo 1994, authorized "a tax on the purchase price paid or charged to any person for food and drinks." In their petition, Plaintiffs–Appellants state that each of them was a taxpayer and either an owner, a resident, or a voter of Branson. Intervenors–Appellants alleged they were "tax paying citizens and business owners, residents and voters thereof." Neither in those allegations, nor in any other part of the record which we have discovered, does it appear that Appellants actually paid any such tax. They may have collected it from those patronizing Branson restaurants, hotels, or motels, but Appellants would not have been the ones paying the tax. Thus, we deem it not necessary to reach the City's contention that Appellants' sole remedy for a refund of taxes is under § 139.031, RSMo 1994.

Appellants cite *Bacchus Imports, Ltd. v. Dias,* 468 U.S. 263, 268, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984), stating that it "soundly rejected" the "pass-on defense," as the businesses paying a tax are the true taxpayers. The tax dealt with in *Bacchus,* however, was an excise tax imposed at the wholesale level. 468 U.S. at 265, 104 S.Ct. at 3052. Such a tax would be a cost in selling the product, but would not be directly collected from the consumer as an add-on to the purchase price. That is not the present situation.

The record does not show that Appellants "lost by reason of the said judgment" any of such taxes. It might be fairly inferred that many of the persons visiting Branson, did by reason of the judgment, pay the taxes. Although Appellants may have remitted such taxes, there is nothing in the record to support that they paid any portion of the tourism tax. The City's appeal has merit. The trial court improperly included in its judgment an award of taxes to Appellants.

The judgment is affirmed except as to the portion purporting to grant Appellants a refund of taxes from December, 1996, through May, 1997, with interest, and the cause remanded withdirections for the trial court to

enter judgment denying Appellants the requested refund.

CROW and PARRISH, JJ., concur.