Steven M. PETELIK,
Employee/Respondent,

v.

MOTOR CONTROL SPECIALISTS,
Employer/Appellant.

and

Ohio Casualty Ins. Co.,
Insurer/Appellant.

No. ED 86832.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 25, 2006.

Kevin McFarland Leahy, Catherine Marie Vale—co-counsel, St. Louis, MO, for Appellant.

Ellen Eschrich Morgan, Ballwin, MO, for Steven Petelik.

Carol Lea Barnard, Assistant Attorney General, St. Louis, MO, for Treasurer of Missouri.

SHERRI B. SULLIVAN, J.

*Introduction*

Motor Control Specialists (Employer) appeals from the Labor and Industrial Relations Commission's (the Commission) Order dismissing Employer's Application for Review. We dismiss for lack of jurisdiction.

*Factual and Procedural Background*

On August 19, 2003, Steven Petelik (Employee), an electrical panel fabricator for Employer, was lifting an electrical panel that was approximately 2 feet by 3 feet, weighing about 75 to 100 pounds, when he lost his balance and fell to the concrete floor, landing partially on his side and back, with the panel pinning his left arm to the floor. Employee's coworkers lifted the panel off him so he could get up. Employee suffered immediate pain in his left arm, and went to a hospital emergency room for treatment. Employee did not have immediate back pain from the fall, nor did he tell the physicians at the emergency room that he suffered a back injury in the fall. On August 20, Employee saw his family physician but did not mention any back injury. An August 25 injury report states that the "part of body affected" is the "upper left arm."

The first time Employee suffered back pain was a few days after the fall. Employee did not think his back pain was related to the fall, so he did not report a back injury to Employer. Employee thereafter sought medical treatment for the pain.

On May 12, 2004, Employee filed a Claim for Compensation (the Claim) asserting a back injury resulting from the fall. The Claim states that the "part(s) of the body injured" are "left arm, left upper extremity, BAW,[1] lumbar spine." Employer filed an Answer to the Claim on August 20, admitting liability for the Employee's left arm injury, but denying liability for the rest. Employer also acknowledged in the Answer that it had provided compensation and medical benefits for Employee's left arm injury.

On November 18, Employee filed a request for Hardship Mediation.[2] On January 28 and 31, a hearing was held. On May 18, the Administrative Law Judge (ALJ) issued a Temporary or Partial Award (the Award). The Award stated in its Findings of Fact and Rulings of Law that the part of the body injured by accident or occupational disease was the low back, but made no finding as to Employee's left arm injury. The ALJ awarded Employee past medical expenses for the medical and hospital bills he incurred for the treatment of his back, as well as temporary total disability and future medical expenses. The Award does not indicate whether its provisions covered Employee's left arm injury.

On June 7, Employer filed an Application for Review, disputing all liability for the temporary award of benefits for Employee's low back injury. In its Application for Review, Employer claimed that:

---

1. BAW is an acronym for "body as a whole."

2. See Section 287.203 RSMo 2004. All further statutory references are to RSMo 2004, unless otherwise indicated.

(1) there was insufficient competent evidence upon which to find that Employee sustained an injury to his low back arising out of and in the course of his employment; (2) Employer did not receive proper and timely notice of any low back injury; (3) there was insufficient competent evidence on which to find that there was a causal relationship between the Employee's August 19 fall and his low back injury, and (4) there was insufficient competent evidence to hold Employer responsible for any and all benefits awarded by the ALJ in the Award.

Employee filed a Motion to Dismiss the Application for Review asserting that the Award was not final and thus not reviewable.[3] Employer filed a Memorandum in Opposition to Employee's Motion to Dismiss, contending that because it was disputing all liability for the low back injury, the Award was reviewable. On August 19, the Commission entered an Order dismissing Employer's Application for Review of the Award because (1) the Award was temporary, and (2) Employer was not denying all liability but only liability for the temporary portion of the Award. This appeal follows.

### Points on Appeal

Employer presents two points on appeal, which may be combined for discussion. Employer essentially maintains that because it was disputing all liability for Employee's back injury, which it contends was the only injury at issue, the Commission acted in excess of its powers in dismissing its Application for Review.

### Jurisdiction

First we note that it was within the discretion of the Commission to refuse to hear the application for review of the temporary award under 8 CSR 20–3.040.[4]

■ Section 287.510 authorizes the making of temporary or partial awards which may be modified from time to time to meet the needs of the case, and may be kept

---

**3.** See 8 CSR 20–3.040.

**4.** 8 CSR 20–3.040 provides as follows:
8 CSR 20–3.040 Temporary or Partial Awards PURPOSE: This rule specifies when an application to review a temporary or partial award may be filed.
(1) Whenever an administrative law judge issues a temporary or partial award under section 287.510, RSMo, the same shall not be considered to be a final award from which an application for review (see 8 CSR 20–3.030) may be made. The time for making an application for review shall not commence until a final award is issued by the administrative law judge in cases where a temporary or partial award has been issued.
(2) Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation and especially setting forth the grounds for the basis of that contention and where the evidence fails to support findings of the administrative law

judge as to liability for the payment of compensation. The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.
The Commission included the text of this rule in its Order denying review, finding that:
The Commission construes the above rule as requiring an allegation that the employer/insurer deny *all* liability, not just liability for the temporary portion of the award. The Commission having considered the Application for Review filed in this cause and pursuant to the above-cited rule finds it inappropriate at this time to review the temporary or partial award issued by the administrative law judge. The Application for Review of the Temporary or Partial Award is dismissed.
(Emphasis in original.)

open until a final award can be made. *Korte v. Fry–Wagner Moving & Storage Co.,* 922 S.W.2d 395, 397 (Mo.App. E.D. 1996). No appeal lies from a temporary or partial award made pursuant to Section 287.510. *Id.*

Section 287.495 authorizes an appeal from the "final award of the commission" to the appellate court. *Id.* at 397. A "final award" is one which disposes of the entire controversy between the parties. *Id.* Only a final award is appealable. *Id.* Finality is found when the agency arrives at a terminal, complete resolution of the case before it. *Lewis v. Container Port Group,* 872 S.W.2d 134, 136 (Mo.App. E.D. 1994). An order lacks finality where it remains tentative, provisional, contingent subject to recall, revision or reconsideration by the issuing agency. *Korte,* 922 S.W.2d at 398.

In the instant case, the Award is temporary or partial, and not final. Therefore, no appeal from it lies in this Court. Further, we have expressly held that there is no statutory authorization to appeal the Commission's orders dismissing applications for review of temporary or partial awards. *Lewis,* 872 S.W.2d at 136. The dismissal order is not a final order because it does not completely resolve the case before it. *Id.* The matter is still pending before the ALJ until a final award can be made. *Id.* The temporary award is by its terms subject to further order. *Id.*

Employer argues that an appeal lies because it is contesting *any* liability for Employee's injuries. See *Korte,* 922 S.W.2d at 398. However, we find that Employer is not contesting *any* liability for Employee's injuries, because it is not disputing that Employee's left arm injuries resulted from the August 19 accident at work. Rather, Employer is only contesting the

temporary or partial award, i.e., that Employee's back injuries resulted from the work accident. In essence, Employer is only contesting the extent and duration of its liability, rather than all liability. Such is further evidence that the Award is not final for purposes of appeal. See *Jennings v. Crestside Heating & Cooling,* 142 S.W.3d 843, 846 (Mo.App. E.D.2004).

This Court is without jurisdiction to hear this appeal. Accordingly, we dismiss the appeal.[5]

NANNETTE A. BAKER, P.J., and ROBERT G. DOWD, JR., concur.

---

**5.** Employee's Motion to Dismiss Appeal is    hereby granted.