MOTOR CONTROL SPECIALTIES, INC., and The Ohio Casualty Insurance Company, Appellants–Respondents,

v.

Stephen M. PETELIK, Respondent–Appellant,

and

Labor And Industrial Relations Commission, Respondent.

Nos. WD 68210, WD 68753.

Missouri Court of Appeals, Western District.

June 24, 2008.

Kevin McFarland Leahy, St. Louis, MO, for appellant-respondent.

Nicole Loethen, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Roger Brown, Jefferson City, MO, for respondent-appellant.

PAUL M. SPINDEN, Presiding Judge.

After the Labor and Industrial Relations Commission refused to review its administrative law judge's award of temporary total disability benefits to Stephen M. Petelik, Petelik's employer, Motor Control Specialties, Inc., and Motor Control's insurer, The Ohio Casualty Insurance Com-

pany, filed this independent declaratory judgment action. They asked the circuit court to declare that the commission's refusal to review the temporary award was unconstitutional. The circuit court dismissed Motor Control's and Ohio Casualty's declaratory judgment petition, and Motor Control and Ohio Casualty appealed. Petelik cross-appealed, contending that the circuit court's judgment wrongfully denied his application for costs and attorney fees. Because the appeals arise out of the same case, we consolidated them.

We reverse the circuit court's judgment dismissing Motor Control's and Ohio Casualty's declaratory judgment petition and remand to the circuit court to convert its decision to a ruling on the merits of their petition. This decision renders moot Petelik's appeal of the denial of his request for attorney fees.

In ruling on a motion to dismiss, the circuit court must deem the plaintiff's pleadings to be true and must construe them liberally in the plaintiff's favor by giving them the broadest, reasonable interpretation. Under this standard, dismissal is appropriate only when the plaintiff's pleadings fail to aver facts that, if believed, would support each element of the cause of action. *Ritterbusch v. Holt*, 789 S.W.2d 491, 492 (Mo. banc 1990).

Petelik made his claim for workers' compensation after suffering injuries on August 19, 2003, in an on-the-job accident. He alleged that he injured his left arm and lower back in the accident. Motor Control and Ohio Casualty stipulated that Petelik's arm injury was related to the job accident and acknowledged that they had provided medical benefits for it. They denied that Petelik injured his back in the accident.

In a hearing by the commission's administrative law judge, the ALJ found that Petelik injured his lower back in the job accident and ordered Motor Control to pay Petelik $17,526.75 in reimbursement of medical bills. The ALJ declared that Petelik should receive temporary total disability benefits until the commission found that he had obtained maximum medical improvement. The ALJ also ordered future medical care for Petelik.

Motor Control and Ohio Casualty asked the commission to review the award. Although the commission's regulation, 8 CSR 20–3.040(1), forbade the commission's review of a temporary award, Motor Control and Ohio Casualty contended that the commission had jurisdiction to review the matter under 8 CSR 20–3.040(2). This regulation said:

Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation and especially setting forth the grounds for the basis of that contention and where the evidence fails to support findings of the administrative law judge as to liability for the payment of compensation. The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to the extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

Motor Control contended that, because it denied responsibility for Petelik's back injury, the ALJ's award of temporary benefits should be subject to the commission's review under 3.040(2). The commission dismissed Motor Control's and Ohio Casualty's application for review on the ground that 3.040 precluded review of the temporary award. The commission read its regulation to require that Motor Control and

Ohio Casualty deny all liability for any of Petelik's injuries to obtain review of the ALJ's temporary award, and Motor Control and Ohio Casualty acknowledged liability for Petelik's arm injury.

Motor Control and Ohio Casualty appealed the dismissal to this court's Eastern District. The Eastern District dismissed the appeal for lack of jurisdiction. *Petelik v. Motor Control Specialists,* 190 S.W.3d 517 (Mo.App.2006).

Motor Control and Ohio Casualty then filed this declaratory judgment action.[1] Their petition alleged that "8 CSR 20–3.040 violates the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 10, of the Missouri Constitution's Bill of Rights, in that it acts as a bar to an Employer/Insurer's right to a timely review of adverse decisions and therefore constitutes a deprivation of property without due process of law." They further alleged that Section 536.050.1, RSMo Cum.Supp.2006, granted the circuit court jurisdiction to consider issues concerning the constitutionality of agency rules in a declaratory judgment proceeding. Motor Control and Ohio Casualty contended that "a real and substantial controversy" existed regarding the validity and constitutionality of 3.040 because they "must comply with the award and make payments for temporary total disability[ ] or risk a penalty under Section 287.510 [RSMo], without any judicial review until such time as the administrative law judge issues a final award." They asserted that they were without an adequate remedy at law because "they will suffer undue prejudice resulting in irreparable harm if they are unable to secure immediate judicial consideration of the claim."

Motor Control and Ohio Casualty prayed that the circuit court enter a judgment declaring that 3.040 is unconstitutional and void in its entirety and that the commission is obligated to review the temporary award of the administrative law judge. Motor Control and Ohio Casualty also prayed for an award of costs, expenses, and attorney fees.

The circuit court granted Petelik's motion to dismiss on the ground that Section 536.050 did not authorize Motor Control's and Ohio Casualty's action for declaratory judgment and that *res judicata* barred Motor Control's and Ohio Casualty's claim. The circuit court then went on, despite its ruling that it lacked jurisdiction, to declare that 8 CSR 20–3.040 was constitutional because the hearing before the ALJ was sufficient to satisfy due process.

■ In appealing the circuit court's decision, Motor Control and Ohio Casualty assert that Section 536.050 authorized their declaratory judgment action to challenge the constitutionality of 3.040. Section 536.050.1 says:

The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented.

Section 536.050.2 expressly eliminates any need for exhausting administrative remedies before pursuing a declaratory judgment action, provided the circuit court determines:

---

1. Their original petition also included a request for an injunction and a writ of *mandamus.* Motor Control and Ohio Casualty voluntarily dismissed their request for a writ of *mandamus,* and Motor Control and Ohio Casualty do not appeal the circuit court's dismissing their injunction request.

(1) The administrative agency has no authority to grant the relief sought or the administrative remedy is otherwise inadequate; or

(2) The only issue presented for adjudication is a constitutional issue or other question of law; or

(3) Requiring the person to exhaust any administrative remedy would result in undue prejudice because the person may suffer irreparable harm if unable to secure immediate judicial consideration of the claim. Provided, however, that the provisions of this subsection shall not apply to any matter covered by chapters 288, 302, and 303, RSMo; or

(4) The party bringing the action is a small business claiming a material violation of section 536.300 or 536.303 by the state agency requiring the small business impact statement for the amendment or rule.

In their petition, the only issue that Motor Control and Ohio Casualty presented was 3.040's constitutionality. They contended that, by allowing review of temporary awards only under certain circumstances, the regulation unconstitutionally deprived Motor Control and its insurer of due process rights by barring timely review of adverse decisions. The case did not present any material factual issues because Motor Control and Ohio Casualty asserted that 3.040 was unconstitutional under any circumstances—not just as applied to their case. Motor Control's and Ohio Casualty's petition challenged only the regulation's facial validity and not the manner of its application to their case. *See Boot Heel Nursing Center, Inc. v. Missouri Department of Social Services,* 826 S.W.2d 14, 16 (Mo.App.1992).

That Motor Control and Ohio Casualty are directly attacking the validity of 3.040 and not the application of the rule to the particular facts of their case distinguishes

their case from those cases on which the circuit court relied in dismissing their declaratory judgment petition. In *State ex rel. Goldberg v. Darnold,* 604 S.W.2d 826 (Mo.App.1980), and *Missouri Health Care Association v. Department of Social Services,* 851 S.W.2d 567 (Mo.App.1993), the plaintiffs filed declaratory judgment actions which purported to challenge the validity of agencies' rules.

In *Goldberg,* the plaintiff attempted to challenge the Director of Revenue's sales tax assessment against it by seeking the circuit court's declaration that the sales tax rule was invalid. 604 S.W.2d at 829. The plaintiff sought this declaration while review of the assessment was pending before the Administrative Hearing Commission. This court held that the plaintiff was challenging application of the sales tax rule to the particular facts of its case—that is, the agency's decision—and the facts on which that decision was based "remain[ed] an integral part of the subject matter under review by the AHC." *Id.* at 832. We held that the circuit court did not have jurisdiction to make a declaration on the invalidity of an agency rule when the application of that rule to the facts of a particular case remains under review by the Administrative Hearing Commission. *Id.*

Similarly, in *Missouri Health Care Association,* this court held that the purpose for the plaintiff's petition for a declaratory judgment that the Department of Social Services was illegally impounding funds was not to test the validity of the department's policy but the department's refusal to reimburse the plaintiff for certain expenses. 851 S.W.2d at 570. In other words, the plaintiff was not challenging the department's policy but application of its policy to the facts of the plaintiff's case. Because the plaintiff was challenging the agency's decision and not the agency's rule, we held that the Administrative

Hearing Commission, not the circuit court, had jurisdiction. *Id.*

Unlike the situation in *Goldberg* and *Missouri Health Care Association,* Motor Control's and Ohio Casualty's attack of 3.040 is not entwined with factual issues that are pending before the commission. The sole issue that remains pending before the commission is whether or not Petelik is entitled to workers' compensation benefits for his back injury. The circuit court's declaration concerning the constitutionality of 3.040 will have no effect on that issue. Section 536.050 authorized Motor Control's and Ohio Casualty's petition for declaratory judgment.

The circuit court also dismissed Motor Control's and Ohio Casualty's declaratory judgment petition on the ground of *res judicata.* The court found that Motor Control and Ohio Casualty challenged the constitutionality of 3.040 in their appeal to the Eastern District of this court and, therefore, they could not relitigate the claim in a declaratory judgment action.

■ "*Res judicata* prevents a party from relitigating facts or questions that have been settled by judgment on the merits in a previous action." *Healthcare Services of the Ozarks, Inc. v. Copeland,* 198 S.W.3d 604, 612 (Mo. banc 2006). *Res judicata* "applies not only to points and issues upon which the court was required by the pleadings and proof to form an opinion and pronounce judgment, but to every point properly belonging to the subject matter of litigation and which the parties, exercising reasonable diligence, might have brought forward at the time." *King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints,* 821 S.W.2d 495, 501 (Mo. banc 1991).

■ The Eastern District did not settle the question of the constitutionality of 3.040 when it dismissed Motor Control's and Ohio Casualty's appeal. The Eastern District dismissed the appeal on the ground that the commission's order dismissing the application for review of the temporary award was not a final award and, therefore, was not appealable under Section 287.495, the statute authorizing appeals from the commission. *Petelik,* 190 S.W.3d at 520. The constitutionality of 3.040 was not essential to this decision, and the Eastern District, appropriately, did not address it. *Farm Bureau Town and Country Insurance Company of Missouri v. Angoff,* 909 S.W.2d 348, 355 (Mo. banc 1995) ("constitutional issues should not be resolved unless essential to the court's decision"). *Res judicata* did not bar Motor Control's and Ohio Casualty's declaratory judgment action.[2]

■ The final basis on which the circuit court dismissed Motor Control's and Ohio Casualty's declaratory judgment action was its finding that 3.040 is, in fact, constitutional. The circuit court's finding the rule constitutional is inconsistent with its sustaining Petelik's motion to dismiss the declaratory judgment action for lack of subject matter jurisdiction. *Id.* The constitutional issue was not essential to the court's decision; therefore, the circuit court should not have addressed it. *Id.* It became mere *dictum.* The portion of the circuit court's judgment purporting to declare that 3.040 is constitutional is premature and cannot stand. *Id.*

2. Because the Eastern District did not decide the constitutionality of 3.040, collateral estoppel, another ground Petelik asserted in his motion to dismiss, did not bar Motor Control's and Ohio Casualty's declaratory judgment petition. *King Gen. Contractors,* 821 S.W.2d at 501 ("Collateral estoppel only pertains to those issues which were necessarily and unambiguously decided....").

We reverse the circuit court's judgment dismissing Motor Control's and Ohio Casualty's petition for declaratory judgment and remand to the circuit court to convert its decision to a ruling on the merits of the petition. Our disposition of Motor Control's and Ohio Casualty's appeal renders moot Petelik's appeal of the denial of his application for attorney fees and his request for attorney fees on appeal.

JAMES E. WELSH, and ALOK AHUJA, JJ, concur.