MOTOR CONTROL SPECIALITIES,
INC., and the Ohio Casualty In-
surance Company, Appellants,

v.

LABOR AND INDUSTRIAL RELA-
TIONS COMMISSION, State of Mis-
souri; Stephen M. Petelik, Respon-
dents.

No. WD 71586.

Missouri Court of Appeals,
Western District.

Nov. 9, 2010.

Kevin McFarland Leahy, St. Louis, MO, for Appellants.

James R. Layton, Jefferson City, MO, for Respondents, Labor & Industrial Relations & State of Missouri.

Roger G. Brown, Jason R. McClitis, Jefferson City, MO, Ellen E. Morgan, Ballwin, MO, for Respondent, Petelik.

Before: VICTOR C. HOWARD, P.J., THOMAS H. NEWTON, and GARY D. WITT, JJ.

THOMAS H. NEWTON, Judge.

Motor Control Specialties, Inc. (Employer) and The Ohio Casualty Company (its Insurer) appeal the trial court's judgment denying their petition for declaratory judgment and awarding Mr. Stephen Petelik (Claimant) attorney fees. We affirm.

## Factual and Procedural Background

An administrative law judge (ALJ) determined an injury Claimant sustained to his back was compensable under Workers' Compensation Law and granted a temporary or partial award to Claimant against Employer and its Insurer. *Petelik v. Motor Control Specialists*, 190 S.W.3d 517, 518 (Mo.App. E.D.2006). Employer and its Insurer filed an application for review of the ALJ's temporary award with the Labor and Industrial Relations Commission (Commission). *Id.* at 518–19. The Commission applied regulation 8 CSR 20–3.040 [1] and dismissed the application for review because the ALJ's award was not yet final and Employer was not denying all liability. *Id.* at 519. Employer and its Insurer appealed the Commission's decision to this court's Eastern District, alleging the Commission erred in dismissing the application for review. *Id.* The Eastern District dismissed the appeal for lack of jurisdiction because the Commission's order dismissing the application for review was not a final and appealable decision. *Id.* at 518, 520. The Eastern District did not address the validity of the regulation.

Thereafter, Employer and its Insurer filed a petition for declaratory judgment against the Commission and Claimant under section 536.050, asking the trial court to declare regulation 8 CSR 20–3.040 unconstitutional. *Motor Control Specialties, Inc. v. Petelik*, 258 S.W.3d 482, 485 (Mo. App. W.D.2008). The petition also requested an injunction to "stay the award of temporary total disability ... pending resolution of this matter" for Claimant's back injury and a writ of mandamus to compel the Commission to review the temporary award. The Claimant filed an answer raising affirmative defenses and counterclaims [2] and later filed a motion to dismiss. The Commission filed a memorandum in support of Claimant's motion to dismiss the petition.

Employer and its Insurer voluntarily dismissed the count for writ of mandamus. The trial court entered judgment granting Claimant's motion to dismiss. Thereafter, Claimant filed a request for attorney fees. The trial court denied the request. Subsequently, the trial court entered a final judgment reflecting its decisions stating "no just reason for delay [existed] pursuant to Rule 74.01(b)." [3] Employer and its Insurer appealed the dismissal of the declaratory judgment action and Claimant cross-appealed the denial of attorney fees. *Motor Control*, 258 S.W.3d at 484.

On appeal, we reversed the dismissal of the declaratory judgment action and remanded the case to the trial court "to

---

1. Regulatory references are to the Missouri Code of State Regulations (2003).

2. Claimant's counterclaims included: (1) registration of workers' compensation award; (2) equitable garnishment of insurance policy; and (3) malicious prosecution and abuse of process.

3. Rule 74.01(b) provides in pertinent part:
When more than one claim for relief is presented in an action, whether as a claim,

counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.
At the time the judgment was entered, Claimant's counterclaims were still pending.

convert its decision to a ruling on the merits of the petition." *Id.* at 484, 488. We also concluded that the disposition mooted Claimant's appeal of the denial of attorney fees at trial and his request for attorney fees at the appellate level. *Id.*

On remand, the trial court allowed Employer and its Insurer to amend the petition, over Claimant's and the Commission's objections, to include an argument that regulation 8 CSR 20–3.040 "contravenes portions of Chapter 287." Additionally, Employer and its Insurer voluntarily dismissed Claimant from the suit. The trial court thereafter allowed the Claimant to request attorney fees and put on evidence of attorney fees.[4]

At the conclusion of the hearings on the petition and application for attorney fees, the trial court found that regulation 8 CSR 20–3.040 was constitutional and did not contravene the Workers' Compensation statutes. It granted attorney fees to Claimant for $81,609. Employer and its Insurer (collectively, "Appellants") appeal the judgment, raising fourteen points.

## Standard of Review

■ We review a declaratory judgment under the principles set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Psychiatric Healthcare Corp.* *of Mo. v. Dep't of Soc. Servs.*, 100 S.W.3d 891, 899 (Mo.App. W.D.2003). We will affirm the trial court's judgment unless it erroneously declares or applies the law. *Id.* Questions of law such as statutory interpretation are reviewed *de novo*. *Id.* Therefore, we provide the court no deference in its legal conclusions. *Id.*

■ We review the granting of attorney fees for an abuse of discretion. *Auto–Owners Ins. Co. v. Ennulat*, 231 S.W.3d 297, 307 (Mo.App. E.D.2007).

## Legal Analysis

In the first three points, Appellants argue that the trial court erred in denying the declaratory judgment because regulation 8 CSR 20–3.040:(1) conflicts with section 287.610.6; (2) was promulgated without authority; and (3) violates due process rights under the United States Constitution and the Missouri Constitution. In the remaining eleven points, Appellants argue that the trial court erred either in awarding attorney fees or in awarding the amount of attorney fees.

### *Declaratory Judgment* [5]

■ In the first point, Appellants argue that regulation 8 CSR 20–3.040 conflicts

---

4. Claimant initially moved to intervene, but the trial court denied the motion as to the case in chief.

5. The Commission argues that *res judicata* bars Appellants from raising all three points because Appellants raised the same arguments in their appeal to the Eastern District from the Commission's decision affirming the ALJ's finding that the back was a compensable injury. The appeal was addressed on the merits and since has become final. *Petelik v. Motor Control Specialists*, 311 S.W.3d 828 (Mo.App. E.D.2010), *transfer to Missouri Supreme Court denied*. *Res judicata* precludes, *inter alia*, the raising of issues that have been previously litigated between the same parties.

*Lomax v. Sewell*, 50 S.W.3d 804, 809 (Mo. App. W.D.2001). "[A] final judgment on the merits must have been rendered involving the same claim or issue sought to be precluded in the cause in question." *Id.* (internal citation and quotation marks omitted). Although the same issues were before the Eastern District, according to the point, the arguments challenged the application of the rule as it related to imposing the penalty. Because the imposition of the penalty was proper, the Eastern District denied the point for failure to show prejudice. Here, the challenges are direct attacks on the validity of the regulation. Therefore, these issues have not been addressed on their merits in previous litigation.

with section 287.610.6 because the statute provides that "any award" by an ALJ shall be subject to review under section 287.480 and the regulation "precludes review of temporary or partial awards until they are designated to be 'final' by an ALJ." Specifically, Appellants argue that "any," in its ordinary and plain meaning, is synonymous with "all," which would include temporary or partial awards. Appellants rely on *Gash v. Lafayette County*, 245 S.W.3d 229 (Mo. banc 2008), for support.

■ When interpreting statutes, this court ascertains the legislature's intent from the language used. *Sheedy v. Mo. Highways & Transp. Comm'n*, 180 S.W.3d 66, 72 (Mo.App. S.D.2005). Section 287.610.6 states, in relevant part, "Any award by an administrative law judge upon an original hearing shall have the same force and effect, shall be enforceable in the same manner as provided elsewhere in this chapter for awards by the labor and industrial relations commission, and shall be subject to review as provided by section 287.480." Section 287.480 states, in relevant part, "If an application for review is made to the commission within twenty days from the date of the award, the full commission, if the first hearing was not held before the full commission, shall review the evidence, or, if considered advisable, as soon as practicable hear the parties at issue."

Section 287.480 has been interpreted to constitute the deadline in which to file an application for review of an award in order to have a timely request before the Commission. *Phelan v. Treasurer*, 249 S.W.3d 260, 263 (Mo.App. W.D.2008). We have also concluded that this deadline is jurisdictional such that the Commission is without jurisdiction to review an ALJ's decision beyond the twenty days. *Merritt v.*

*Shoney's Inc.*, 925 S.W.2d 494, 495 (Mo. App. E.D.1996). Thus, the legislature intended for "any" ALJ's award, as stated in section 287.610.5, to be subjected to this deadline.

Regulation 8 CSR 20–3.040(1) states:
Whenever an administrative law judge issues a temporary or partial award under section 287.510, RSMo, the same shall not be considered to be a final award from which an application for review (see 8 CSR 20–3.030) may be made. The time for making an application for review shall not commence until a final award is issued by the administrative law judge in cases where a temporary or partial award has been issued.

Thus, 8 CSR 20–3.040(1) delays the application of the statutory filing deadline of twenty days when an award is designated partial or temporary. In delaying review, in essence, the Commission interpreted "award," as used in section 287.480, to exclude a "temporary or partial award." Because the statutory deadline of twenty days is jurisdictional, we must determine whether excluding a "temporary or partial award" from the term "award" was consistent with the legislature's intent.

■ In discerning the legislature's intent, "we consider the statute in the context of the entire statutory scheme on the same subject" to avoid unjust, unreasonable, or absurd results. *Sheedy*, 180 S.W.3d at 72 (internal citation and quotation marks omitted). In section 287.510, the legislature provides that in "any case," a temporary or partial award "may be made, and the same may be modified from time to time to meet the needs of the case." And in section 287.495, the legislature provides a deadline for appeals from the Commission's awards that are final awards. Thus, the Missouri Supreme

Consequently, *res judicata* does not bar the raising of these arguments.

Court has determined that temporary or partial awards made under 287.510 are not final awards subject to judicial review under section 287.495. *Abrams v. Ohio Pac. Express,* 819 S.W.2d 338, 343 (Mo. banc 1991) ("Substantial caselaw holds that no statutory authority exists for judicial review of temporary or partial awards made pursuant to § 287.510 and its statutory predecessors."); *see also Bolen v. Orchard Farm R–V Sch. Dist.,* 291 S.W.3d 747, 750 (Mo.App. E.D.2009).

By using "any case" in section 287.510 and not specifying cases before the Commission, the legislature also authorizes an ALJ to issue temporary or partial awards that may be "modified from time to time." The Commission has the authority to promulgate rules to govern "its proceedings in connection with the exercise of its quasi-judicial functions." § 286.060(8). To subject an ALJ's temporary or partial award to the same standard employed to prevent review of the Commission's award in its tentative state is consistent with the legislature's intent. It would be absurd to construe the statute to require the Commission to review a temporary or partial award at that time when it precludes reviewing courts from doing so. Consequently, the Commission's regulation delaying review of temporary or partial awards is consistent with the legislature's statutory scheme. Because the regulation is consistent with the legislature's intent, it is valid. Consequently, Appellants' first point is denied.[6]

■ In the second point, Appellants argue that regulation 8 CSR 20–3.040 was promulgated without authority because section 287.410 provides that the "power and duty to review any award made under the workers' compensation law" resides with the Commission and cannot be delegated, but the regulation precludes the Commission from reviewing the ALJ's award. The regulation does not delegate the review of an ALJ's award to any other body and only precludes the Commission from reviewing the decision in its tentative state. Thus, regulation 8 CSR 20–3.040 does not contravene section 287.410. Appellants' second point is denied.

■ In the third point, Appellants argue that regulation 8 CSR 20–3.040 violates due process of law because due process requires the taking of an appeal if permitted by law and article V, section 18 of the Missouri Constitution states that all final decisions by administrative agencies are subject to judicial review, but the regulation precludes awards designated "temporary" from being considered "final" for purposes of review even though the practical effect of the temporary award has finality. Appellants argue that we should adopt the United States Supreme Court's definition of "final," and that under that definition, the temporary award would be final. Applying that definition, Appellants argue that the Commission is denying employers due process because the regulation delays review of a "final" decision.

In *Darby v. Cisneros,* the case Appellants rely on, the Supreme Court did not define "final" but distinguished between the doctrines of "finality" and "the exhaustion of administrative remedies" under the Administrative Procedure Act by noting

6. Moreover, the first sentence of section 287.601.6 states that ALJs "shall have no jurisdiction upon any review hearing, either in the way of an appeal from an original hearing or by way of reopening any prior award, except to correct a clerical error in an award or settlement ... within twenty days of the original award or settlement." These limitations on an ALJ's ability to modify an "award" cannot sensibly be applied to temporary awards, since section 287.510 specifically provides that temporary awards "may be modified from time to time to meet the needs of the case."

the former is "concerned with whether the initial decision maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury." 509 U.S. 137, 144, 113 S.Ct. 2539, 125 L.Ed.2d 113 (1993). Missouri Courts already employ this doctrine of finality when considering whether an agency's decision is final. *See Asbury v. Lombardi,* 846 S.W.2d 196 (Mo. banc 1993) (citing *Nat'l Treasury Emps. Union v. Fed. Labor Relations Auth.,* 712 F.2d 669, 670–71 (D.C.Cir.1983)) (adopting federal definition of "finality"—not "tentative, provisional, or contingent decisions subject to reconsideration"—to decide whether an agency's decision was final for purpose of judicial review in Missouri Constitution); *Dore & Assocs. Contracting, Inc. v. Mo. Dep't of Labor and Indus. Relations Comm'n,* 810 S.W.2d 72, 75–76 (Mo.App. W.D.1990) (discussing and applying *National Treasury Employees's* definition of "finality" to determine whether the Commission's refusal to hear contractor's objection to a wage determination was a final decision for purpose of judicial review). The Eastern District applied this definition of "finality" and determined in *Petelik* that the temporary award issued by the ALJ was not final. 190 S.W.3d at 520.[7]

Intermediate decision-making steps within the agency, before its decisions become final, are constitutionally permissible. *See State ex rel. AG Processing, Inc. v. Pub. Serv. Comm'n,* 276 S.W.3d 303, 309–10 (Mo.App. W.D.2008) (citing *Asbury,* 846 S.W.2d at 201); *Parker v. City of St. Joseph,* 167 S.W.3d 219, 222 (Mo.App. W.D. 2005) (same). It is only after an administrative decision is final that intervening steps between judicial review become un-

constitutional because they preclude direct review of that final decision. *Asbury,* 846 S.W.2d at 202. The regulation only addresses intermediate decision-making before the decision becomes final. Thus, the regulation is constitutional because it does not thwart judicial review of a final decision. The trial court did not err in its declaration of the law. Accordingly, Appellants' third point is denied.

### Attorney Fees

In the remaining points, Appellants argue that the trial court erred in awarding attorney fees because: (4) the trial court exceeded this court's mandate; (5) the issue of attorney fees was beyond the scope of the pleading; (6) Claimant was not a prevailing party under section 536.050.3; (7) the award was not supported by substantial and competent evidence; (8) the award was erroneously based on a finding that Claimant was an improperly joined defendant; (9) the award was erroneously based on a finding that Claimant had to defend against the declaratory judgment action; (10) a declaratory judgment action is not within the "very unusual circumstances" exception to the American Rule; (11) the evidence does not support applying the collateral litigation exception to the American Rule; (12) the award was unnecessary and unreasonable; (13) the award was not supported by substantial and competent evidence and was against the weight of the evidence; and (14) the attorney fees were not segregated as required by law. For ease of analysis, we do not address these points in sequential order. *Did the trial court exceed our mandate in considering the issue of attorney fees?*

First, we address whether the trial court exceeded our mandate in con-

---

7. Moreover, Missouri courts have treated awards denominated "temporary" as final awards when the award had the practical effect of finality or otherwise was not subject to reconsideration. *See Forkum v. Arvin Indus., Inc.,* 956 S.W.2d 359, 362–63 (Mo.App. S.D.1997).

sidering the issue of Claimant's attorney fees. A trial court upon remand has a duty to proceed "in accordance with the mandate and the result contemplated in the appellate court's opinion." *Associated Indus. of Mo. v. Dir. of Revenue*, 918 S.W.2d 780, 782 (Mo. banc 1996). A trial court retains its authority over all issues in a case upon remand unless the mandate or the opinion limits its authority by providing specific directives to the trial court. *See id.* When specific directives are provided to the trial court, the mandate itself is specific and the trial court cannot modify, alter, amend, or deviate from the appellate court's judgment. *Tillis v. City of Branson*, 975 S.W.2d 949, 952 (Mo.App. S.D.1998). "Proceedings that are contrary to the directions of the mandate are unauthorized and unenforceable." *Pope v. Ray*, 298 S.W.3d 53, 57 (Mo.App. W.D.2009).

Appellants argue that the trial court exceeded the scope of the mandate because neither the mandate nor our opinion contemplated the reconsideration of attorney fees. Appellants reason that the trial court could not reconsider awarding Claimant's attorney fees because our mandate did not address attorney fees and the opinion did not order the court to reconsider attorney fees on remand. Appellants rely on *Tillis* for support. The *Tillis* court determined that the trial court would have exceeded its mandate in awarding attorney fees on remand because the specific mandate did not mention an award of attorney fees, although it mentioned other awards. 975 S.W.2d at 952.

■ Our mandate in *Motor Control* states in pertinent part: "the cause is remanded to the Circuit Court of Cole County for further proceedings in conformity with the opinion of this Court." Because our mandate does not contain a specific directive, it is general. *See Pope*, 298 S.W.3d at 58 n. 4 (listing examples of specific mandates). Nor does our opinion contain a specific directive indicating limits placed on the trial court's discretion. *See Associated*, 918 S.W.2d at 782 (stating mandate must be read in conjunction with opinion). We ordered the trial court to "convert its decision to a ruling on the merits of the petition." *Motor Control*, 258 S.W.3d at 488. We stated that "[o]ur disposition of Motor Control's and Ohio Casualty's appeal renders moot [Claimant]'s appeal of the denial of his application for attorney fees and his request for attorney fees on appeal." *Id.* Contrary to Appellants' contention, the mooting of the issue of attorney fees did not impliedly affirm the trial court's denial of attorney fees.

■ We reversed the trial court's dismissal because section 536.050 authorized the declaratory judgment action and because the issue of the regulation's constitutionality was not barred under the doctrine of *res judicata*. *Id.* at 486–87. Missouri requires litigants to pay their own attorney fees, following the American Rule, unless an exception applies. *Gebru v. St. Louis Cnty.*, 136 S.W.3d 89, 93 (Mo.App. E.D.2004). Under any exception, the litigant must be the prevailing party to be entitled to an award of attorney fees. *Id.* Because we reversed the dismissal, Claimant was no longer the prevailing party. *See Wall USA, Inc. v. City of Ballwin*, 53 S.W.3d 168, 173 (Mo.App. E.D.2001); *see also Monsanto Co. v. Garst Seed Co.*, 241 S.W.3d 401, 417 (Mo.App. E.D.2007) (stating litigant must ultimately prevail on appeal to be deemed the "prevailing party" in litigation). Thus, the propriety of the denial of the application for attorney fees was rendered moot.

Based on our disposition, it was logical for the trial court to reconsider awarding attorney fees on remand after ruling on the merits. *See Associated*, 918 S.W.2d at

783 (stating the trial court on remand properly addressed whether statute was invalid on state grounds; because although an issue on appeal, it was not addressed due to disposition on federal grounds). Accordingly, *Tillis* is not applicable because our mandate was general and the accompanying opinion did not address the issue based on the disposition of Motor Control's appeal. Thus, the trial court did not exceed our mandate in awarding attorney fees. Appellants' fourth point is denied.

### Did the trial court lack authority to grant attorney fees?

■ Second, we address Appellants' challenges to the trial court's authority to grant attorney fees. Appellants argue that the trial court awarded attorney fees beyond the scope of the pleadings because Claimant did not plead attorney fees under the collateral litigation exception. Our review of the record shows that Claimant did request attorney fees. Upon remand, Claimant was dismissed from the lawsuit and, thereafter, submitted an application to the trial court for attorney fees based on, *inter alia*, the collateral litigation exception. Thus, the issue was properly pleaded before the trial court. Appellants' fifth point is denied.

■ Appellants also argue that Claimant was not a prevailing party under section 536.050 and was not entitled to attorney fees under any of the exceptions to the American Rule. The trial court awarded fees under the collateral litigation exception to the American Rule and not under section 536.050. As stated earlier, a litigant must prevail to be entitled to attorney fees under any exception to the American Rule. A litigant may be the prevailing party when he "obtain[s] a settlement, obtain[s] a voluntary dismissal of a groundless complaint, or obtain[s] a favorable de-

cision on a single issue if the issue is one of significance to the underlying case." *Greenbriar Hills Country Club v. Dir. of Revenue,* 47 S.W.3d 346, 353 (Mo. banc 2001). A litigant may also be the prevailing party even if he obtains a dismissal without prejudice of the cause against him when the plaintiff abandons the claim and the litigant thereby receives a benefit. *See Melahn v. Otto,* 836 S.W.2d 525, 528 (Mo.App. W.D.1992).

Contrary to Appellants' contention, Claimant is a prevailing party because Appellants dismissed him from the action upon remand; abandoned the declaratory judgment action against him; and Claimant benefited from the dismissal because he no longer had to defend against the action and did not have to prosecute his counterclaims.

■ A successful litigant may be awarded attorney fees under one of the exceptions to the American Rule if the litigant demonstrates the existence of special circumstances surrounding the litigation. *Grewell v. State Farm Mut. Auto. Ins. Co.,* 162 S.W.3d 503, 507 (Mo.App. W.D.2005). Some examples of special circumstances include "where very unusual circumstances exists so it may be said equity demands a balance of the benefits" and "where the attorney fees are incurred because of involvement in collateral litigation." *Lett v. City of St. Louis,* 24 S.W.3d 157, 162 (Mo.App. E.D.2000).

The trial court found that the "equities in this case between a well-funded employer and insurer with assets and means to litigate this issue far exceed those assets of an injured worker" and noted that Claimant "had still not received anything in terms of his temporary award at time of the hearing on attorney fees." It stated that applicable case law prevented an appeal from a temporary award in which some of the issues were in dispute.

Therefore, it concluded that "special and unusual circumstances for an exception to the American Rule" existed because Appellants pursued collateral litigation, despite unfavorable precedent concerning appeals taken from temporary awards, thereby requiring Claimant to defend his temporary award.

■ Appellants argue that granting attorney fees under this exception was erroneous because there was no showing of "third-party litigation, no evidence that plaintiffs breached a duty in bringing the action and/or that the attorney fees were necessary." " 'Where the natural and proximate result of a wrong or breach of duty is to involve the wronged party in collateral litigation, reasonable attorney fees necessarily and in good faith incurred in protecting himself from the injurious consequence thereof are proper items of damages.' " *Essex Contracting, Inc. v. Jefferson Cnty.*, 277 S.W.3d 647, 657 (Mo. banc 2009) (quoting *Johnson v. Mercantile Trust Co. Nat'l Ass'n.*, 510 S.W.2d 33, 40 (Mo.1974)). Collateral litigation with a third-party is not mentioned, but rather collateral litigation as a "natural and proximate" result of a wrong or breach of duty is required for the exception. *See id.*

■ Here, Appellants breached a duty to Claimant in filing their petition. Appellants are correct that they had a right to bring a declaratory judgment action challenging the constitutionality of the regulation. As previously stated, we found that the declaratory judgment action was not challenging the agency's application of the rule but the agency's rule. *Motor Control*, 258 S.W.3d at 486. However, the petition also requested an injunction to stay the enforcement of the temporary award. A temporary award is compensation granted to the injured worker. Motor Control as an employer has a duty to pay injured workers who receive an award pursuant to

Workers' Compensation Law. *See* § 287.060. Under section 287.510, an employer risks the award being doubled at the time of the final award if the employer fails to pay the temporary award. Appellants requested an injunction to protect themselves from this risk "pending the resolution of [the declaratory judgment action]." Thus, Motor Control breached its duty to Claimant, an injured worker, when it requested an injunction in the courts for protection against the Workers' Compensation Law.

■ Appellants further claim that the petition for declaratory judgment, injunction, and writ of mandamus was not collateral litigation because the ALJ's award was not final. They rely on *Barry, Inc. v. Falk*, 217 S.W.3d 317, 320 (Mo.App. W.D. 2007). *Barry* found that an employer's failure to comply with a statutory provision providing review of a final award by trying to prevent enforcement in a court of equity was a collateral attack. *Id.* at 320. The *Barry* court's reasoning, although applied to final awards, is seemingly applicable to temporary awards because the statutes provide for review of temporary awards, which are also enforceable. Thus, contrary to Appellants' argument, seeking a stay, which is a prevention of enforcement for a limited time, constitutes a collateral attack.

■ Finally, Appellants assert that Claimant did not necessarily incur the fees to protect himself from injury because according to this court's language in *Motor Control*, the litigation did not place the award at risk. In *Motor Control*, we stated that the declaratory judgment did not interfere with the Commission's decision as to whether Claimant was entitled to workers' compensation benefits for his back injury. *See Motor Control*, 258 S.W.3d at 487. However, we did not ad-

dress the injunction claim because it had been dismissed and was not challenged on appeal. *Id.* at 485 n. 1. The requested injunction sought to deprive Claimant of his remedy against Appellants for their failure to comply with the temporary award. The Commission as a third party had no interest in the enforcement of the award. Hence, Claimant incurred attorney fees to defend against Appellants' litigation.

Because Motor Control breached a duty to Claimant in seeking an injunction, which constituted collateral litigation, and required Claimant to incur attorney fees to defend against it, the trial court did not err in awarding attorney fees under the collateral litigation exception. Appellants' eleventh point is denied.

Appellants argue in their sixth, eighth, ninth, and tenth points that Claimant was not entitled to attorney fees based on several grounds. Because we have upheld the trial court's basis for awarding attorney fees, these points are also denied.

### Was the evidence sufficient and competent to support the award?

Third, we address Appellants' arguments challenging the sufficiency and competency of the evidence supporting the award of attorney fees. Appellants argue that the award was not supported by substantial and competent evidence because "the trial court had previously entered an order denying attorneys' fees and denied [Claimant]'s motion to intervene." They argue because these previous decisions were inconsistent with the trial court's grant of attorney fees, the trial court abused its discretion. Appellants rely on *Burton v. Donahue*, 959 S.W.2d 946 (Mo. App. E.D.1998).

*Burton* states, "[A] judgment which is based on findings that are inconsistent and ambiguous does not allow for adequate appellate review and must be reversed." 959 S.W.2d at 948. The order that Appellants mention is the original decision denying attorney fees, which was appealed and reversed in *Motor Control.* In determining that the ruling was erroneous, remanding the case for a ruling on the merits, and finding the attorney fees issue had been rendered moot, we necessarily reversed the trial court's judgment regarding attorney fees. Thus, the trial court's denial of attorney fees became void; hence, the subsequent granting of attorney fees on remand was a separate and distinct judgment. Additionally, the denial of the motion to intervene was also a separate and distinct decision from the award of attorney fees. Accordingly, *Burton*, which applies to inconsistencies within the same judgment, is inapplicable here. Appellants' seventh point is denied.

Appellants also argue that the attorney fees were not supported by substantial and competent evidence and were against the weight of the evidence because the award was granted upon an "offer of proof" rather than an "evidentiary hearing." We agree that an offer of proof is not evidence. *See Russell v. Dir. of Revenue*, 35 S.W.3d 507, 510 (Mo.App. E.D. 2001) ("Generally, in order to preserve an issue of exclusion of evidence for appeal, a definite and specific offer of proof demonstrating why the evidence is relevant and admissible must be made at trial.").

Here, the trial court did not sustain Appellants' objection to the evidence offered for attorney fees but rather acknowledged Appellants' continuing objection to the application for attorney fees. The trial court granted Claimant's motion for an evidentiary hearing on its request for attorney fees. Appellants had filed a memorandum in opposition to Claimant's appli-

cation for attorney fees. At the hearing to acknowledge Appellants' objection to the attorney fees, the trial court stated that it would hear the evidence first as an "offer of proof" before it heard arguments on the merits.

During the hearing, Appellants cross-examined the witnesses, challenged the evidence, adduced evidence, and argued against the authority and reasonableness of the requested fees. The trial court then took the matter with the case. Thus, the presentation of evidence was not an offer of proof but an evidentiary hearing to determine whether the trial court would grant Claimant's application or dismiss it. *See Forester v. Dir. of Revenue*, 85 S.W.3d 122, 125 (Mo.App. W.D.2002) (stating offer of proof inadmissible because testimony was not cross-examined). Appellants' thirteenth point is denied.

*Did the trial court abuse its discretion in awarding the amount of fees?*

 Finally, we address Appellants points challenging the amount of the attorney fees. Appellants argue that the grant of attorney fees was unnecessary and unreasonable because the fees included expenses for counsel to respond to claims that were not directed against Claimant, to prosecute counterclaims, and to research the same issues by different individuals. The amount of attorney fees is within the trial court's discretion. *Essex*, 277 S.W.3d at 656–57. We will affirm it unless " 'the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration.' " *Id.* at 657 (quoting *Nelson v. Hotchkiss*, 601 S.W.2d 14, 21 (Mo. banc 1980)). We presume the amount of attorney fees is reasonable absent evidence to the contrary. *Id.*

 Since Claimant had to defend against the injunction to protect himself from injury, it was reasonable for Claimant's attorney fees to encompass time expended addressing the declaratory judgment action. An injunction is granted, *inter alia,* upon the showing of a probability of success on the merits of the claim. *State ex rel. Dir. of Revenue, State of Mo. v. Gabbert,* 925 S.W.2d 838, 839 (Mo. banc 1996). Here, the declaratory judgment action was the claim upon which Appellants sought an injunction. Consequently, the attorney fees were incurred to defend against both claims.

Testimony and affidavits were presented to the trial court stating that the amount of attorney fees was reasonable and that there was no duplication and repetitiveness of work between the two law firms or within the firms. Thus, there was substantial evidence supporting the decision. Appellants' twelfth point is denied.

Appellants also argue that the amount of attorney fees awarded was not valid because Claimant did not distinguish between fees incurred for defending against the petition and prosecuting the counterclaims. Claimant only requested fees for defending against the claims and adduced detailed billing statements from both firms in support of the request. The trial court believed this evidence, and Appellants do not highlight specific matters within the exhibit showing fees for labor expended on prosecuting counterclaims. Because Appellants do not show evidence to the contrary, the trial court did not abuse its discretion. Thus, Appellants' fourteenth point is denied.

Claimant requests attorney fees and expenses on appeal under this court's Special Rule XXIX, which states that a party may file a motion in this court for attorney fees "pursuant to contract, statute, or otherwise." Claimant requests attorney fees and costs to respond to appeal on the same

basis upon which the trial court awarded them: the collateral litigation exception to the American Rule. *See Klinkerfuss v. Cronin,* 289 S.W.3d 607, 618 (Mo.App. E.D.2009) (listing cases in which attorney fees on appeal have been granted in "special circumstances" or "very unusual circumstances"). We grant the request because Employer's challenge on appeal to the propriety of the attorney fees award continues the collateral litigation caused by Employer's reneging on its promise to adhere to the worker's compensation law by challenging the enforceability of an ALJ's temporary or partial award. Because the trial court is better equipped to determine reasonable attorney fees and costs incurred on appeal, we remand to the trial court to hold a hearing and award such amount. *See Klinkerfuss v. Cronin,* 199 S.W.3d 831, 846 (Mo.App. E.D.2006).

### Conclusion

Therefore, we affirm the trial court's declaratory judgment finding regulation 8 CSR 20–3.040 valid and its grant of Claimant's attorney fees at trial. We grant Claimant's request for attorney fees on appeal and remand to the trial court for a hearing and judgment entered accordingly.[8]

HOWARD, P.J., and WITT, JJ. concur.

---

8. Appellants' request for attorney fees on appeal is denied because they were not the prevailing party.